[No. 11952. In Bank. — June 10, 1890.]

## In the Matter of the Estate of JAMES C. O'SULLIVAN, Deceased.

Estates of Decedents — Order of Sale — Publication in Weekly Newspaper. — The publication of an order to show cause why an administrator's petition for the sale of the real estate of a decedent should not be granted, and of the notice of the sale of such real estate, may be made in such newspaper in the county as the court or judge shall direct, for the number of successive weeks required by the statute, though such paper be published weekly only, and though other papers are published daily in the same county.

Id. — Statutory Proceedings — Construction of Statute — Power of Court. — Though the validity of statutory proceedings to pass title to the real estate of a decedent depends upon a substantial compliance with the law, yet the court cannot, by construction, ingraft upon the statute a new or additional provision not contained therein, in order to declare the proceedings invalid.

Id. — Publication to Day of Sale. — Under our statute, the publication of notice of such a sale must be for two weeks successively next before the day of sale, and as often during the prescribed period as the paper is regularly issued; and such publication, if in a weekly newspaper, is not required to be made on or including the day of sale.

Appeal from orders of the Superior Court of the city and county of San Francisco for the sale of real property of a deceased person, and confirming the sale and directing conveyances to be made.

The facts are stated in the opinion.

*Edward P. Cole,* for Appellant.

*Frank J. Sullivan,* for Respondent.

Belcher, C. C.—This is an appeal from an order for the sale of real property, and an order confirming the sale and directing conveyances to be made.

The facts set out in the record are as follows:—

On November 1, 1885, the administrator of the estate of James C. O'Sullivan, deceased, filed in the superior court of the city and county of San Francisco a petition, verified, and in all respects sufficient, for the sale of certain real

property belonging to the estate.  Thereupon an order to show cause why the prayer of the petition should not be granted was duly made and filed.  The order directed that a copy thereof should be published once a week for four successive weeks in the Weekly Star, a weekly newspaper printed and published in the said city and county.  At the time named in the order, and after proof of its publication for the time specified, and that proper notice had been given, and after taking testimony, the judge of the court made an order for the sale of the property at private sale.  Thereafter the administrator caused notice of the sale to be posted up in three of the most public places of the said city and county, and to be published in the Monitor, a weekly newspaper printed and published therein, for two weeks successively next before the day on or after which the sale was to be made.  The notice was published on January 27, February 3, and February 10, 1886, and the day named for the sale was February 15, 1886.

A. P. Sullivan became the purchaser of the property for the sum of five hundred dollars, and the administrator then made a return of his proceedings to the court.  On the day fixed for a hearing upon the return, Sullivan, the purchaser, appeared and objected to a confirmation of the sale.  The court overruled the objections, and entered an order confirming the sale, and directing conveyances to be executed.  Hence this appeal.  The objections to a confirmation of the sale were,—1. That the order to show cause was published in a weekly, and not a daily, newspaper; 2. That the notice of the sale was published in a weekly, and not a daily, newspaper; 3. That the notice of sale was not published up to and including the day on which the sale was to take place.

And the same objections are urged here as grounds for a reversal of the orders appealed from.

The provisions of the code bearing upon the questions presented are as follows:—

A copy of the order to show cause must be personally served on all persons interested in the estate, "or be published four successive weeks in such newspaper in the county as the court or judge shall direct." (Code Civ. Proc., sec. 1539.)

The court, at the time and place appointed in the order, upon satisfactory proof of personal service or publication of a copy of the order, must proceed to hear the proofs of the petitioners and of all persons interested in the estate who may oppose the application. (Code Civ. Proc., sec. 1540.)

If the court is satisfied, after a full hearing, that a sale is necessary, an order of sale must be made. (Code Civ. Proc., sec. 1543.)

When a sale is ordered, and is to be made at public auction, notice of the time and place of sale must be posted and published in a newspaper for three weeks successively next before the sale. (Code Civ. Proc., sec. 1547.)

When a sale of real estate is ordered to be made at private sale, notice of the same must be posted and published in a newspaper for two weeks successively next before the day on or after which the sale is to be made. The notice must state a day on or after which the sale will be made, and a place where offers or bids will be received. The day last referred to must be at least fifteen days from the first publication of notice; and the sale must not be made before that day, but must be made within six months thereafter. (Code Civ. Proc., sec. 1549.)

When any publication is ordered, such publication must be made daily, or otherwise as often during the prescribed period as the paper is regularly issued, unless otherwise provided in this title. The court, or a judge thereof, may, however, order a less number of publications during the period. (Code Civ. Proc., sec. 1705.)

It is argued that proceedings for the sale of property belonging to an estate are statutory, and that every requirement of the statute must be strictly observed and complied with, or the sale, if made, will be void; that the object of the publication provided for in the sections of the code above referred to is to give notice to all parties interested in the estate, so that they may appear and avail themselves of any rights they may have; that the publication most likely to give such notice in a large city, like San Francisco, is one in a *daily* newspaper, and that publication in a *weekly* newspaper in such a city is therefore not authorized by the statute, and is insufficient to give the court jurisdiction.

It is true that proceedings like those involved here are statutory, and that their validity depends upon a substantial compliance with the law. But the statute provides only that the order to show cause shall be published in " *such newspaper* in the county as the court or judge shall direct," and that the notice of sale shall be published in " *a newspaper*, if there be one printed in the same county; if none, then in *such paper* as the court, or a judge thereof, may direct." In this there is nothing to indicate a legislative intent that the publication should be in a daily, rather than a weekly, paper. And in the absence of anything appearing to the contrary, it must be assumed that no such intent existed. The court found that the Weekly Star and Monitor were "newspapers of general circulation, published in the city and county of San Francisco during the time referred to in the sworn return of sale on file herein, and that the said notices appeared once a week during the prescribed period, as regularly as the newspapers were issued, in accordance with section 1705 of the Code of Civil Procedure." The publications in the papers named were therefore, in our opinion, sufficient to meet all the requirements of the law. To hold otherwise would require the court to ingraft upon the statute a new

provision, and this it has no power to do. (*Richardson* v. *Tobin*, 45 Cal. 33.)

It is also urged that it is a matter of absolute necessity that the notice of sale be published *up to and including* the day when the sale is to take place, and this, it is said, can only be accomplished by having the publication in a daily paper. And in support of this position, counsel cite *McCurdy* v. *Baker*, 11 Kan. 111; *Witaker* v. *Beach*, 12 Kan. 492; and *Early* v. *Doe*, 16 How. 610. The last case cited has nothing to do with the question. The other two relate to sales of real property under execution, and the sufficiency of notices thereof. It was held that, under the statutes of that state, such notices must be published in a newspaper for a certain number of days, "and continued in each successive issue of the paper up to the day of sale." And in another case in the same state (*Treptow* v. *Buse*, 10 Kan. 170) it was held that publication in a weekly paper was sufficient.

Under our statute, notice of a sale like that involved here must be published "for two weeks successively next before the day on or after which the sale is to be made," and the publication must be "as often, during the prescribed period, as the paper is regularly issued." This means that the publication must be for two successive weeks (*In re Cunningham*, 73 Cal. 558), and in each successive issue of the paper up to the day on or after which the sale is to take place. The notice, as we have seen, was so published, and was therefore sufficient.

We find no error in the orders complained of, and advise that they be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the orders appealed from are affirmed.