[L. A. No. 55.   Department One.—May 21, 1896.]

MAURICE S. HELLMAN, RESPONDENT, v. H. MERZ AND JOSEPH MAIER, APPELLANTS.

ESTATES OF DECEASED PERSONS—SALE OF REAL PROPERTY—VALIDITY OF PROCEEDINGS—INSUFFICIENT NOTICE OF SALE.—Proceedings for the sale of the real property of a deceased person are statutory, and such a sale will be void, unless the requirements of the statute are complied with; and where the notice of the sale is not published for the full time required by law, the defect is fatal, and a deed to the purchaser at the sale will pass no title.

ID.—CONDITIONAL BID—GOOD TITLE—DEFECTIVE PROOF OF PUBLICATION —RECOVERY OF DEPOSIT—AMENDED PROOF AFTER HEARING.—Where a proposed purchaser made a bid at a sale of real estate belonging to the estate of a deceased person, on condition that the title was to prove good, or no sale, and, if not good, a deposit made was to be returned, such bid and deposit must be considered as made with reference to the proceedings for the sale, as they were shown to exist when the bid was made, and when the return of the deposit was demanded for the insufficiency of title, and if the proof of publication of the notice of sale was then insufficient, the bidder cannot be required to take title, and may recover the deposit; and an amended proof of publication, filed after the hearing of the action to recover the deposit, cannot obviate the defect, or defeat the action.

ID.—POWER OF EXECUTORS TO SELL—PROPOSAL TO TAKE TITLE UNDER ORDER OF COURT.—When a will gives the executors power to sell and convey the real estate of the testator, or any part thereof, without any order of court, but a deposit and bid are made for a proposed sale, to be authorized by an order of court, the decision as to the validity of the sale must depend upon its validity as made under the order of the court, and not upon the supposed validity of a sale which might have been made under the authority given in the will.

ID.—ACTION AGAINST EXECUTOR INDIVIDUALLY—AGREEMENT TO RETURN DEPOSIT—WAIVER OF OBJECTION—SETTLEMENT OF ESTATE.—Where the executors accepted a deposit for a bid upon the real estate of a deceased person, under an express agreement that they would return it if the title should prove defective, objection to an action against them individually for the return of the deposit is waived where no objection upon the ground that they were sued individually, and not as executors, was raised by demurrer or answer; and a judgment in such action against them will not be reversed, because they have settled their accounts as executors, including the amount of the deposit.

ID.—INTEREST ON DEPOSIT—DEMAND.—Interest cannot be allowed on a deposit made upon purchase money, to be returned if the title proves defective, until after a demand for the return of the money, on account of defect in the title.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.   LUCIEN SHAW, Judge.

The facts are stated in the opinion.

*H. A. Barclay*, for Appellants.

The action does not lie against the executors as individuals. Executors or administrators hold funds in a fiduciary capacity. (*McGraw* v. *McGlynn*, 26 Cal. 420; *Ex parte Smith*, 53 Cal. 204; *Janin* v. *Brown*, 59 Cal. 38.) The proper action was against the estate for money had and received. (*Von Schmidt* v. *Bourn*, 50 Cal. 618.) Interest could not be allowed prior to demand. (Civ. Code, sec. 1917.) Technical objections ought not to be allowed to defeat a title under a probate sale. (*Richardson* v. *Butler*, 82 Cal. 174; *Burris* v. *Kennedy*, 108 Cal. 331.)

*McLachlan & Cohrs*, for Respondent.

Defendants were bound by the agreement to return the deposit, if the title proved defective. (*Huse* v. *Den*, 85 Cal. 390; *Easton* v. *Montgomery*, 90 Cal. 307.) Interest was properly allowed from the date of the invalid sale, when the money was received as matter of law to the use of plaintiff. (Civ. Code, sec. 1917.) The sale was void, the publication being insufficient. (Code Civ. Proc., sec. 1549; *In re O'Sullivan*, 84 Cal. 444, 448; *Wise* v. *Williams*, 88 Cal. 30.)

BELCHER, C.—This is an action to recover from defendants the sum of five hundred dollars, money had and received by them for the use of the plaintiff, with interest thereon from December 10, 1891. The plaintiff had judgment as prayed for, and the defendants appeal from the judgment and an order denying a new trial.

On December 10, 1891, defendants, as executors of the last will of D. Mahlstedt, deceased, executed to plaintiff a written contract, which, after acknowledging the receipt of five hundred dollars, "being a deposit and part payment on account of a bargain and sale made" to him of a certain described lot or tract of land,

proceeds: " Said tract of land above described having
been sold to said Maurice S. Hellman this day for the
sum of sixteen thousand dollars, less mortgage of ten
thousand dollars, provided, that the undersigned make
this agreement with the understanding that it shall be
considered merely as a bid in advance of the order of
the court authorizing a sale of said property; and that
the executors of said estate shall not be held to accept said
bid in case they secure any higher bid, nor shall they
be in any manner bound by this agreement or liable
thereon, either as individuals or executors, but, in case
no higher bid is received, they will accept a bid for said
property for the amount of sixteen thousand dollars,
provided no higher bid is received, the balance to be
paid as follows: The sum of five thousand five hundred
dollars fifteen days after delivery of abstract of title,
showing above sale confirmed by superior court, the
balance being balanced off by mortgage thereon for ten
thousand dollars to German Savings and Loan Society.

" The title to said above lands to prove good or no
sale, fifteen days being allowed to examine abstract and
pass upon title after said abstract is delivered. If the
remaining payments be not made according to the
agreement and contract, the above-mentioned deposit to
be forfeited without recourse. If title prove defective,
said deposit to be returned. Above sale subject to con-
firmation by superior court of Los Angeles county.
Title to be clear and free of all incumbrances except
mortgage mentioned above."

In pursuance of this agreement, defendants made ap-
plication for and obtained from the court an order for
a private sale of the property. Plaintiff put in a bid
of sixteen thousand dollars, and his bid was accepted
and the sale confirmed, but because of certain defects in
the proceedings he refused to accept a conveyance of
the property. Thereupon, to obviate such defects, de-
fendants made application for, and on April 1, 1892,
obtained a new order for the sale of the property at pri-
vate sale. Notice of this sale was published in a

newspaper, and plaintiff again put in a bid of sixteen thousand dollars. His bid was accepted and the sale to him was confirmed by an order of court. Defendants thereupon executed and tendered to plaintiff a deed of the property, but, on the advice of his attorneys that the deed would not pass a good title, he refused to accept the same.

Thereafter, on September 2, 1892, plaintiff demanded of defendants a return of his deposit; but they refused, and ever since have refused, to return the same, or any part thereof.

This action was commenced December 9, 1893, and on January 3, 1894, defendants made application to the court for another order for the sale of the said property. On January 16th, before their application was acted upon, defendants filed their petition, setting out the facts of the sale to plaintiff, the confirmation thereof, the tender of a deed, and refusal to accept the same, and praying that the order of confirmation be set aside; and, on the same day, the order of confirmation was duly vacated and set aside On January 19th defendants served notice on the plaintiff that they had made application for an order for the resale of the said property, "for the purpose of selling said property, and ascertaining the deficiency, if any, which may be due upon said sale, in case the amount realized on such resale does not cover the bid heretofore made by you, and the expenses of the sale to you." Thereafter, an order for the resale of the property was obtained, and, on February 19, 1894, defendants sold the same to one George Zobelein for the sum of fifteen thousand dollars, which sale was subsequently duly confirmed by the court, and a deed for the property was executed and delivered by defendants to the said purchaser.

The facts as to the resale were set up in a supplemental answer, and the prayer was for judgment that the five hundred dollars deposited by plaintiff be retained by defendants, and applied in payment of the deficiency resulting from the resale, and that they recover from

the plaintiff the further sum of five hundred dollars, the balance of said deficiency.

The court found, among other things, that the sale under the order made on April 1, 1892, was irregular and invalid; "that the notice of such sale was defective, in that the same was not published for two weeks successively before the day on or after which said sale was to be made; that the proof filed May 2, 1892, with the return of said sale showed publication of such notice for fifteen consecutive days, commencing April 5th, and including April 19, 1892, each day inclusive, and giving notice that said sale was to be made on or after April 21, 1892; that, at the time of the making of said bid by plaintiff, such proof was the only evidence on file or possessed by plaintiff as to the time and manner of publication of said notice; that the said sale was further irregular and invalid, in that the terms of sale were advertised to be 'the assumption of the payment of a mortgage of ten thousand dollars ($10,000), and the interest thereon, given by the said D. Mahlstedt in his lifetime to the German Savings and Loan Society of San Francisco, the balance to be paid in cash, United States gold coin, upon the confirmation of sale by Superior court, deed at expense of purchasers; that such terms were not in accordance with the bid of plaintiff, or the terms of the agreement entered into between plaintiff and defendants as to the purchase of said property, and that a deed by said executors, pursuant to said last-mentioned proceedings, would convey no title to plaintiff."

And, as conclusions of law, the court found that the plaintiff was entitled to judgment for the sum of five hundred dollars, with interest at the rate of seven per cent per annum from December 10, 1891, and that defendants were not entitled to recover anything upon the counterclaim set up by them.

Appellants contend that these findings were not justified by the evidence, and whether they were justified or not are the principal questions involved in the case.

Section 1549 of the Code of Civil Procedure provides that, when a sale of real property is ordered to be made at private sale, notice of the same must be published in a newspaper for two weeks successively next before the day on or after which the sale is to be made. The notice must state a day on or after which the sale will be made.

The rule is well settled that proceedings for the sale of the real property of a decedent are statutory, and that such a sale will be void unless the requirements of the statute are complied with. (*In re O'Sullivan*, 84 Cal. 444; *Hartley* v. *Croze*, 38 Minn. 325, and cases cited.)

In the last-named case there was a sale by the administrator of certain real property belonging to an estate, under a statute which required notice of the sale to be published "for three weeks successively next before such sale." Notice of the sale was published in a weekly newspaper for three successive weeks, but not during the last week next before the day named for the sale, there being an interval of nine days between the completion of the last publication and the day of sale. The sale was made on the day appointed therefor, and was subsequently reported to and confirmed by the court, and, in pursuance thereof, a deed of the property was executed and delivered to the purchaser. The question was as to the validity of the sale, and it was held that the failure to publish the notice during the said interval of nine days was a fatal defect, and that the sale was therefore void and the deed conveyed no title.

In this case the notice of sale named April 21, 1892, which was Thursday, as the day on or after which the sale would be made, and it was published in a daily newspaper from the fifth to the nineteenth day of that month, as shown by the affidavit of the publisher, which was returned and placed on file, and was the only evidence of publication until after the case was tried and submitted for decision.

This publication was insufficient to meet the requirements of the statute, for if publication in a daily paper

may be omitted for one day, then it may be omitted for two or more days, and there can be no certainty as to when the last publication must be made.

After the hearing of the cause defendants procured and filed an amended affidavit, showing that the notice was in fact published from the 5th to the 20th of April, 1892, inclusive, and they now claim that any apparent defect in the publication, which existed before the filing of the new affidavit, was thereby obviated and cured. The obvious answer to this claim is that plaintiff was justified in acting upon the facts as they were shown to exist when he made his bid on May 2, 1892, and when thereafter, on the advice of his attorneys, he refused to accept the deed, and demanded the return of his deposit. The case must therefore, in our opinion, be decided upon the facts as they were presented at the trial, and without any consideration of the amended affidavit.

By the will of the decedent the executors thereof were given full power and authority to sell and convey the property of the estate, or any portion thereof, without any order of court, and it is claimed that the sale to plaintiff should therefore be held valid, notwithstanding any defects or irregularities in the preliminary proceedings taken to effect it. But the deposit and bid of plaintiff were made for a proposed sale to be authorized by an order of court, and it was such a sale only which was confirmed. Under these circumstances the decision must rest upon the validity of the sale as made, and not upon the supposed validity of a sale which might have been made under authority given in the will.

It follows from what has been said that, by reason of the insufficient publication of the notice of sale, the attempted sale to the plaintiff was ineffectual and void, and that the deed made and tendered in pursuance thereof would have passed no title.

It is further claimed that the judgment should be reversed, because it was entered against the defendants individually, while they were liable, if liable at all, only as executors of the estate; and it is said that they had

settled their accounts as executors, in which account was included the five hundred dollars in question.

This claim cannot be sustained. No objection to the action on the ground that defendants were sued as individuals and not as executors was raised by demurrer or answer. They accepted the deposit under an express agreement that they would return it if the title should prove defective. They evidently held the money when this action was brought, and when they were thereby clearly notified that plaintiff claimed its return. They must also have held the money nearly if not quite up to the time of the trial, for in their supplemental answer, filed only a short time before the trial, they prayed for judgment that the said five hundred dollars be retained by them and applied in payment of the alleged deficiency. And, if they did not, they should have retained the money until judgment was rendered, and then have applied it as thereby directed.

The judgment rendered in favor of the plaintiff was for six hundred and forty-four dollars and forty cents, and costs of suit. Plaintiff was not entitled to interest on his deposit before he demanded its return on September 2, 1892. From that time to the date of the judgment, January 25, 1895, the interest would amount to only eighty-three dollars and eighty-seven cents.

The cause should be remanded with directions to the court below to amend the judgment by striking therefrom the sum of sixty dollars and fifty-three cents; and, as thus amended, the judgment and order should be affirmed.

VANCLIEF, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the cause is remanded with directions to the court below to amend the judgment by striking therefrom the sum of sixty dollars and fifty-three cents; and, as thus amended, the judgment and order are affirmed.

GAROUTTE, J., HARRISON, J., VAN FLEET, J.

Hearing in Bank denied.