[Civ. No. 3223. First Appellate District, Division Two.—July 1, 1920.]

GEORGE L. KING, as Executor, etc., Respondent, v. MARY I. HARFORD, Appellant.

[1] ESTATES OF DECEASED PERSONS—SALE OF ASSETS—POWER OF LEGATEE OR ADMINISTRATRIX.—A person has no authority, either as legatee under a will or as administratrix of the estate with the will annexed, to sell the assets of the estate, and, therefore, cannot delegate such authority to another.

[2] ID.—UNAUTHORIZED SALE OF BOND—CONVERSION—POWER OF ATTORNEY—EVIDENCE.—In an action for the conversion of a nonnegotiable mortgage bond which had been part of the assets of an estate, oral evidence of the contents of an alleged power of attorney to sell personal property, claimed to have been made by the person to whom such bond was bequeathed and who was the administratrix of the estate to her attorney, is properly excluded, such bond not having been sold in accordance with the provisions of section 1517 of the Code of Civil Procedure, before its amendment in 1919.

[3] ID.—DELAY IN COMMENCING SUIT—LACHES.—Such legatee having died within four months after the discovery of the loss of the bond, the executor of her estate having been appointed a month later, and he having commenced suit to recover the bond within two and a half months thereafter, and nothing having occurred prior to the discovery by the deceased of the loss to put her upon inquiry, neither the plaintiff nor his testatrix was guilty of laches barring the action.

[4] ID.—CONVEYANCE AS SECURITY FOR RETURN OF PROPERTY—RATIFICATION OF WRONGFUL SALE—EVIDENCE.—In such action, the trial

court having found upon sufficient evidence that the deeds executed to plaintiff's testatrix by the attorney who wrongfully sold such bond were executed for and intended as security for the redelivery of the bond within a reasonable time, and not in satisfaction or settlement of her claim against the attorney arising out of his sale and disposition of said bond, the acceptance of such deeds did not constitute a ratification and confirmation of such wrongful sale, so as to estop her executor from suing the purchaser for the conversion of the bond.

[5] ID.—ACTION AGAINST PURCHASER FOR CONVERSION—SECTION 726, CODE OF CIVIL PROCEDURE, INAPPLICABLE.—The provision of section 726 of the Code of Civil Procedure, providing that but one action can be maintained for the enforcement of an obligation secured by a mortgage, is not applicable to an action against the purchaser of converted property for the return thereof or for its value in case delivery thereof could not be had, notwithstanding the person who committed such conversion has given the owner of the property security for the return thereof within a reasonable time.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Nathan Moran, Charles S. Wheeler, John F. Bowie, A. A. Heer for Appellant.

Frank D. Stringham and Beverly L. Hodghead for Respondent.

NOURSE, J.—This is an action based upon a bond and interest coupons of the Southern Pacific Railway Company. Judgment was rendered in favor of plaintiff and against defendant for the return of the bond and coupons, or their value in case delivery thereof could not be had. Defendant appeals from the judgment under the alternative method.

The bond in suit is one issued by the Southern Pacific Railroad Company, having semi-annual coupons attached, known as a first refunding mortgage gold $1,000 bond. It is made payable to bearer and secured by a mortgage on certain real and personal property of the Southern Pacific Company, as set forth upon the face of the bonds. As the

transactions involved herein occurred in 1914, prior to the amendment of sections 3088 and 3093 of the Civil Code (Stats. 1915, p. 99; Stats. 1917, p. 1535), the bond was non-negotiable. (*Kohn* v. *Sacramento Elec., Gas & Ry. Co.*, 168 Cal. 1, [141 Pac. 626]; *Crocker Nat. Bank* v. *Byrne & McDonnell*, 178 Cal. 329, [173 Pac. 752].) Defendant thus took the bond subject to all legal or equitable defenses.

The bond came into the possession of defendant in the following manner: It was part of the assets of the estate of Patrick Maguire, of which estate Elizabeth Maguire, plaintiff's testatrix, was the administratrix with the will annexed. She was the widow of Patrick Maguire and the sole legatee under his will. She delivered the bond in suit (together with other bonds of like character) to one Shay, her attorney in the administration of the estate, as the court found, for safekeeping and convenience in preparing the inventory and appraisement. He also collected the amount due on the coupons. Shay included this bond in the inventory which he filed in the estate. But before distribution was had, and on June 29, 1914, without any order or authority of court therefor, and without the knowledge of Elizabeth Maguire, he delivered possession of the bond to stock brokers, who sold the same, under his instructions, for his account and as his personal property, he retaining the proceeds thereof, amounting to $941. After several successive transfers, and on July 30, 1914, defendant purchased this bond in the open market without knowledge of any equities or claims of the Patrick Maguire estate, or anyone else, in respect thereto. She paid $890 therefor, the full market price at that time. Thereafter, and on October 5, 1914, all the estate of Patrick Maguire, including the bond in controversy, was distributed to Elizabeth Maguire in her individual capacity. Elizabeth Maguire first became aware that Shay had parted with possession of the bond about January, 1916, more than a year after distribution of the estate. At that time Shay offered by way of adjustment to have conveyed to Mrs. Maguire, subject to encumbrances thereon, three pieces of property located in Alameda and Santa Cruz Counties. In March, 1916, Shay and his wife, in accordance with this offer, executed two deeds covering that property. These deeds were recorded May 20, 1916. Shay and his wife thereafter signed a statement, also dated May 20, 1916, reciting that

the deeds "were executed for and intended as security for an obligation and not otherwise." Elizabeth Maguire died testate in the city and county of San Francisco on the twenty-fourth day of May, 1916; and plaintiff brought this action as executor of her will on September 11, 1916.

Appellant relies upon four defenses on appeal:

(1) That there was no conversion. The answer sets up the defense, among others, that at the time of. the sale of the bond Shay was attorney in fact for Elizabeth Maguire individually, as well as attorney for her as administratrix of the Patrick Maguire estate, and that she had given him, as such attorney in fact, full power to sell or dispose of the bond. Appellant contends that there was no conversion because Shay sold under this power of attorney. With respect to this matter Shay testified that Elizabeth Maguire gave him a general power of attorney to act for her individually shortly after she was appointed administratrix of the Patrick Maguire estate; that it had never been revoked; that it was not recorded and he could not locate it to produce upon the trial. Appellant thereupon attempted to prove by oral evidence Shay's authority from Elizabeth Maguire under the power of attorney to sell personal property. The court sustained respondent's objection on the ground that evidence of the contents of the instrument was inadmissible because a power of attorney from Elizabeth Maguire to sell property of the estate would be void. Appellant urges, however, that respondent bases his right to maintain this action upon the ownership of the bond by Elizabeth Maguire as a legatee under the will of Patrick Maguire and not upon her right as administratrix to possession of the bond during the period of administration of the estate of Patrick Maguire; that Elizabeth Maguire as sole legatee under the will of Patrick Maguire was the owner and could convey title subject to administration; that if Elizabeth Maguire as such legatee did in fact authorize the sale of this bond by the power of attorney given to Shay, her after-acquired right to possession inured to the benefit of appellant and there was no conversion; that evidence to show such authorization was competent and its exclusion constituted prejudicial error.

The difficulty with appellant's argument is that Shay did not sell under any power of attorney. Neither did he

attempt to sell Elizabeth Maguire's interest as a legatee in the undistributed estate. He sold the bond as his own property and delivered possession to the purchaser. [1] Moreover, Elizabeth Maguire herself had no authority, either as legatee under the will or administratrix of the estate, to sell its assets (*Wickersham* v. *Johnston,* 104 Cal. 407, 412, [43 Am. St. Rep. 118, 38 Pac. 89]; *Bovard* v. *Dickenson,* 131 Cal. 162, 164, [63 Pac. 162]), and, therefore, could not delegate such authority to another. Her right to convey her share of the estate did not include the right to deliver possession of the property prior to decree of the court. [2] Section 1517 of the Code of Civil Procedure, before its amendment in 1919 [Stats. 1919, p. 1178], provided that "no sale of any property of an estate of a decedent is valid unless made under order of the superior court, except as otherwise provided in this chapter," the property herein involved not being one of the exceptions. A valid sale of the bond in suit could have been made only in accordance with the provisions of this section. It is apparent that the alleged power of attorney was not pertinent to the issues herein involved and that evidence as to its contents was properly excluded.

[3] (2) That respondent is estopped by the conduct of Elizabeth Maguire from asserting title to the bond as against appellant. The estoppel relied upon by appellant is based upon the alleged laches of respondent and his testatrix, during which time appellant contends a cause of action existing in her favor against her immediate vendors upon their warranty of title implied in their sale of the bond to her was barred by the statute of limitations. The trial court found that "neither said Elizabeth Maguire nor the plaintiff herein was guilty of laches in failing to inquire into or investigate as to the whereabouts or possession of said bond." About two years elapsed between the purchase of the bond by appellant and the institution of this action. But respondent's testatrix did not discover the loss of the bond until about eight months prior to commencing suit, and nothing occurred before that time, so far as the record shows, to put her upon inquiry. Shay testified that possibly he continued paying the interest on the bond to Mrs. Maguire for some time after distribution of the Patrick Maguire estate. About four months after discovery of the

loss of the bond Mrs. Maguire died, a month later respondent herein was appointed executor of her will, and two and a half months thereafter he commenced this action. It does not appear that either respondent or his testatrix knew who had possession of the bond until the action was commenced, it having been transferred on various occasions before it was purchased by appellant. Under the circumstances respondent was not guilty of laches barring the action. There is nothing in the record to show that appellant's conduct was in anywise affected by the deed transaction, or that, in reliance upon that transaction, she permitted any cause of action in her favor to become barred, or that she acted upon such knowledge in any manner. On the contrary, she alleged that she had no knowledge of the claims of any person in respect to the bond, other than the person making the sale, prior to the commencement of this action. The acceptance of the deeds by Mrs. Maguire was not alone sufficient to amount to an estoppel. The court found that the deeds were not in fact taken from Shay in settlement for the bond. And appellant was neither led to believe that they were taken in settlement nor to act upon such belief.

[4] (3) That if there was a conversion the settlement with Shay ratified and confirmed his sale. With respect to this defense the court found: "That on or about the fifth day of March, 1916, Frank Shay executed a conveyance of his interest in certain real property to said Elizabeth Maguire, which consisted of equities in various parcels of land, each of which was subject to prior obligations, but there was no accord or satisfaction executed between said Elizabeth Maguire and said Frank Shay with respect to said controversy arising over the sale and disposition of said bond; and said conveyance was not accepted by said Elizabeth Maguire in satisfaction or settlement of any claim of said Elizabeth Maguire against said Frank Shay arising out of his sale and disposition of said bond, but said conveyance was made by said Frank Shay to said Elizabeth Maguire as security for the redelivery of said bond to said Elizabeth Maguire." Shay's offer was made by letter to Mrs. Maguire's attorney and contained the following statement: "All of the properties above referred to belong to Mrs. Shay, her separate property, and she is willing to convey them to Mrs. Maguire

in settlement of the lost securities. This might be consid-
ered as a final settlement or it might be agreed that upon
the delivery to her of the securities within a reasonable
time, she will reconvey.'' And the statement which he and
his wife thereafter signed, as above set forth, specifically
recited that the deeds ''were executed for and intended as
security for an obligation and not otherwise.'' Shay testi-
fied the obligation referred to was ''whatever might be due
to Mrs. Maguire growing out of this bond transaction.''
This was sufficient evidence upon which to base the above
finding. For this reason it is unnecessary to discuss further
contentions of appellant based upon the assumption that the
deeds were given in full settlement.

[5] (4) That if the deeds were not taken as settlement
they were taken as mortgages to secure the return of the
bond and the action is barred by the provisions of section 726
of the Code of Civil Procedure, providing that but one
action can be maintained for the enforcement of an obliga-
tion secured by mortgage—that is, an action to foreclose the
mortgage. This action is not one coming within the pro-
visions of that section, the defendant herein not being a
party to the mortgage. Moreover, the court found that the
equities of Elizabeth Maguire in the properties involved in
the deeds ''were and are of no value and have been lost
to said estate of Elizabeth Maguire'' and that they were not
lost by reason of any negligence of Elizabeth Maguire or
plaintiff herein. This finding was based upon admissions
of counsel for appellant on the trial of the action.

The judgment is affirmed.

Brittain, J., and Langdon, P. J., concurred.