[Civ. No. 5856. First Appellate District, Division One.—July 27, 1927.]

MARY F. MILLER, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Keyes & Erskine for Petitioner.

Daniel O'Connell, *in pro. per.,* for Respondent.

CASHIN, J.—A proceeding to review an order of confirmation made by the Superior Court in and for the City and County of San Francisco in the matter of the estate of William Miller, deceased.

The deceased in his lifetime, pursuant to an agreement with Herman Murphy and others, paid the taxes, amounting to $996.37, which were a lien on certain real property in Alameda County. The title to the property was in litigation between the parties, and it was agreed that in the event of a judgment adverse to Miller's claim the amount should be repaid to him with interest and be secured by a lien on the land.

The litigation having resulted in favor of Murphy and his co-defendants, an action to foreclose the lien was commenced by Miller and was pending at the time of his death.

Mary Miller, his wife, was subsequently appointed as administratrix of his estate and the action was continued in her name.

After two trials of the action, the judgment first entered having been reversed, a judgment was entered on March 28, 1924, in favor of the estate for $1,370.21. The latter judgment was affirmed on appeal and was collected by the administratrix on November 3, 1926, the total amount received being the sum of $1,733.90.

A petition for a confirmation of sale was filed in the estate proceeding on October 27, 1926, this being followed on December 6, 1926, by a report of sale, both of which were signed and the latter verified by Daniel O'Connell.

It was alleged that petitioner loaned to the deceased in his lifetime the sum of $500 for the purpose of enabling the latter to make the payment under the contract with Murphy; that this sum had not been repaid, and that petitioner in

addition paid the costs and rendered services as an attorney in the litigation leading to the recovery of the judgment by the administratrix, for which he had not been reimbursed or compensated; that after the reversal of the judgment first entered therein the administratrix refused to proceed further in the action; whereupon at his request an assignment of the cause of action was executed to petitioner by the administratrix and her daughter Anna M. O'Connell.

It was further alleged that the consideration for its execution was the services rendered, the disbursements made by petitioner, and his agreement to save the estate and Mrs. Miller harmless from loss, expense, or liability in the prosecution of the action; and, further, that there was no other property of the estate with which to pay the expenses of maintaining the action or the expenses of administration; that the assignment was for the best interests of the estate, and the consideration therefor fair and reasonable, the petition concluding with a prayer that the transaction be confirmed as a sale from the estate to petitioner.

The petition contained no allegation of a compliance with the provisions of section 1526 of the Code of Civil Procedure, and it is admitted that no notice of sale was given.

Objections were filed by the administratrix, and after a hearing a decree of confirmation was entered, which required the administratrix to pay the proceeds of the judgment to O'Connell.

A motion to vacate the decree made by Mary F. Miller, who is the petitioner here and an heir of the deceased, was denied.

It is contended in the present proceeding that the finding that a sale was made by the estate is unsupported; and it being admitted that no notice of sale was given, and no return having been made by the administratrix, the court in making its decree acted without and in excess of its jurisdiction.

The return to the writ shows all the proceedings had, including the evidence adduced before respondent Court, and it appears that the assignment referred to in the petition for confirmation and upon which the petitioner therein relied in support of the allegation that a sale from the estate had been made was in words and figures as follows:

"In the Superior Court of the State of California in and for the County of Alameda.

"No. 54,744   Dept. 3

"William Miller, and Mary Miller, as administratrix,

vs.

"Herman Murphy, et al.

"Assignment

"I hereby assign and transfer to Daniel O'Connell all my right title and interest in and to the subject matter of the above entitled action and the cause of action sued thereon.

"June 15, 1923

"Witness

"FLORENCE MILLER

"MARY MILLER

"Administratrix of the estate of the said William Miller

"ANNA M. O'CONNELL."

The assignment by its terms purports to transfer the individual interests of Mary Miller and her daughter in the cause of action, the only ground for the inference that more was intended being the fact that beneath the signature of the former appears the words "Administratrix of the estate of the said William Miller."

It is undisputed that Mrs. Miller was unable to read, and that her ability to write was limited to her signature, and it is admitted that the instrument was prepared by O'Connell. Under such circumstances the language of the instrument should be interpreted most strongly against the party who caused the uncertainty to exist (*Payne* v. *Neuval*, 155 Cal. 46 [99 Pac. 476]; *Lassing* v. *James*, 107 Cal. 348, 355 [40 Pac. 534]).

It is admitted that the instrument was executed at the request of the assignee and according to the testimony of Mrs. Miller its execution was induced by the following statement made by him: " . . . He told me I ought to sign it or we won't get our money . . . some taxes money . . . "

It is alleged in the report of sale that the claim against Murphy constituted the whole of the estate, and so far as appears such was the fact.

At the time the assignment was made O'Connell, who was the attorney for the estate, claimed an interest in the cause of action, which in amount exceeded that of the estate, and as shown by the records of the Superior Court of Alameda County the costs paid by him previous to the assignment amounted to $18.75.

In view of his claim, he was equally chargeable with the expense of conducting the litigation and the conclusion that it was the intention that he should acquire the whole estate in consideration of the above expenditure and the services previously rendered, the total value of which was much less than the value of the estate, would be unreasonable. Nor is such intention rendered probable by his promise to save the estate harmless in the further conduct of the litigation which, according to his contention, was to be conducted solely for his benefit.

From the foregoing and the fact that no notice of sale was given, we are satisfied that it cannot reasonably be inferred that it was the intention to transfer more than the individual interests of the administratrix and her daughter; that the portion of the assignment last quoted was merely descriptive of one of the assignors, and that the implied finding that a sale from the estate was intended was unsupported.

An order of confirmation regular on its face cannot be collaterally attacked, but *certiorari*, in so far as the determination of the jurisdictional facts is concerned, is not a collateral but a direct attack; and while not a writ of error, it is nevertheless a means by which the power of the court in the premises can be inquired into, and for this purpose the review extends not only to the record of the court below, but to the evidence, when necessary to determine the existence of the jurisdictional facts (*Great Western Power Co.* v. *Pillsbury*, 170 Cal. 180 [149 Pac. 35]; *Schwarz* v. *Superior Court*, 111 Cal. 106 [43 Pac. 580]).

Proceedings for the sale of property of the estate of a decedent being statutory (*Estate of O'Sullivan*, 84 Cal. 444 [24 Pac. 281], their validity depends upon a substantial compliance with the law (*Hellman* v. *Merz*, 112 Cal. 661 [44 Pac. 1079]); and an alleged sale which is shown to be void cannot be confirmed (*Schlicker* v. *Hemenway*, 110 Cal. 579 [52 Am. St. Rep. 116, 42 Pac. 1063]), there being

no subject matter upon which an order of confirmation can act (*Townsend* v. *Tallant,* 33 Cal. 45 [91 Am. Dec. 617]).

It is equally essential to the validity of the order that a sale from the estate be shown, and where the sale alleged is in effect but a transfer of the individual interest of the representative in the property of the estate, the court for the reason stated in *Townsend* v. *Tallant, supra,* is without power to confirm, and the transfer cannot operate to divest the rights of other heirs (*Morrison* v. *Bowman,* 29 Cal. 337; *King* v. *Harford,* 48 Cal. App. 405 [191 Pac. 998]).

It is our conclusion that no sale by the estate was had, and that respondent court was without jurisdiction to confirm; and it will therefore be unnecessary to consider the further questions raised by petitioner.

The order is annulled.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 26, 1927, and a petition by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 22, 1927.