[No. 15873.   Department Two.—April 4, 1895.]

# JENNETTE KRUMDICK, EXECUTRIX, ETC., RESPONDENT, v. DANIEL WHITE, APPELLANT.

APPEAL—LAW OF CASE—CONSTRUCTION OF INSTRUMENT.—A construction given to an instrument upon a former appeal must be taken as the law of the case upon a second appeal, where no new facts appear requiring a different construction.

ESTATES OF DECEASED PERSONS—AGENCY REVOKED BY DEATH—INVALID SALE BY AGENT—ASSETS OF ESTATE.—The power of an agent to sell personal property is revoked by the death of the principal, and the property sold by such agent subsequent to the death of the principal belongs to his estate and was assets to be administered by the executrix.

ID.—ESTOPPEL—DISTRIBUTION OF PROCEEDS AMONG CREDITORS OF DECEDENT—MISTAKE OF LAW BY PURCHASER.—Where the purchaser of property from the agent of a decedent knew the terms of the instrument under which the property was sold, and knew of the death of the principal, and was not misled as to any facts concerning the power of the agent to sell the property of the decedent, the fact that the purchase money paid for the property was distributed by the agent among those creditors of the decedent who presented their claims to him, including a claim presented to him by the executrix, does not create an estoppel upon the executrix to recover the property as part of the assets of the estate.

ID.—RATIFICATION—POWER OF EXECUTRIX—RIGHTS OF PREFERRED CREDITORS.—The executrix of a deceased person, whether as executrix or legatee, cannot authorize a sale of the property of the estate by an agent of the deceased, and therefore cannot ratify such sale, nor could such unauthorized sale be made valid retroactively to the prejudice of creditors having preferred claims for the expenses of the last sickness of the deceased, and funeral expenses, without their consent.

APPEAL from a judgment of the Superior Court of Lake County and from an order denying a new trial.

The facts are stated in the opinion.

*J. A. Cooper, Clay W. Taylor,* and *J. Chadbourne,* for Appellant.

Plaintiff must have known all the facts about the sale, and, knowing them, stood by and allowed the sale to be made without objection, and received her portion of the purchase money, and is therefore estopped from maintaining this action. It is a well-established rule of law, that he who has been silent as to his alleged

right, when he ought in good faith to have spoken, shall not be heard to speak when he ought to be silent. (*Morgan* v. *Chicago etc. R. R. Co.*, 96 U. S. 720; *Bank of United States* v. *Lee*, 13 Pet. 119; *Merchants' Nat. Bank* v. *State Bank*, 10 Wall. 645; *Leather Mfg. Bank* v. *Morgan*, 117 U. S. 108, 109; *Continental Nat. Bank* v. *Bank of Commonwealth*, 50 N. Y. 583; *Niven* v. *Belknap*, 2 Johns. 573; *Dickerson* v. *Colgrove*, 100 U. S. 580; *Baker* v. *Humphrey*, 101 U. S. 499; *Hill* v. *Epley*, 31 Pa. St. 334; *Gregg* v. *Von Phul*, 1 Wall. 281; *Dair* v. *United States*, 16 Wall. 4; Bigelow on Estoppel, 4th ed., 564; Bispham's Principles of Equity, sec. 282; Wharton on Evidence, sec. 1143; *Stevens* v. *Dennett*, 51 N. H. 324; *Zuchtmann* v. *Roberts*, 109 Mass. 53; 12 Am. Rep. 663; *Barnard* v. *Campbell*, 55 N. Y. 456; 14 Am. Rep. 289; *Comstock* v. *Smith*, 26 Mich. 307; *People* v. *Brown*, 67 Ill. 435; *Peters* v. *Jones*, 35 Iowa, 512; *Dresbach* v. *Minnis*, 45 Cal. 223; *Thomas* v. *Pullis*, 56 Mo. 211; *Patterson* v. *Lytle*, 11 Pa. St. 53; *Hill* v. *Epley*, *supra; Rice* v. *Groffmann*, 56 Mo. 435.) Edmunds was trustee for Krumdick, and as such trustee his acts were legal and valid. (Perry on Trusts, secs. 585, 594, 597, 602, 602 *a;* Civ. Code, secs. 2216, 2221, 2232; *Moses* v. *Murgatroyd*, 1 Johns. Ch. 119; 7 Am. Dec. 478; *Shephard* v. *McEvers*, 4 Johns. Ch. 136; 8 Am. Dec. 561; *Hulse* v. *Wright*, Wright (Ohio), 61; *Pingree* v. *Comstock*, 18 Pick. 46; *Weir* v. *Tannehill*, 2 Yerg. 57; *Nicoll* v. *Mumford*, 4 Johns. Ch. 523; *Ward* v. *Lewis*, 4 Pick. 518; *New England Bank* v. *Lewis*, 8 Pick. 113; *Robertson* v. *Sublett*, 6 Humph. 313; *Pearson* v. *Rockhill*, 4 B. Mon. 296; *Kelly* v. *Babcock*, 49 N. Y. 320.) The former decision is not the law of the case, as a former decision based upon the facts of the case does not become the law of the case, where the facts on a subsequent trial are different. (*Ryan* v. *Tomlinson*, 39 Cal. 645; *Meeks* v. *Southern Pac. R. R. Co.*, 56 Cal. 513; 38 Am. Rep. 67; *Nieto* v. *Carpenter*, 21 Cal. 455; *Sneed* v. *Osborn*, 25 Cal. 629.) The rule as to the law of the case applies only on questions of law. (*Davidson* v. *Dallas*, 15 Cal. 75; *Mulford* v. *Estudillo*, 32 Cal. 131.)

*J. H. Seawell,* for Respondent.

The truth concerning material facts, in order to work an estoppel, must be unknown to the party claiming the benefit of the estoppel. (2 Pomeroy's Equity Jurisprudence, 264; Bigelow on Estoppel, 520; Herman on Estoppel, sec. 957; Bispham's Principles of Equity, 288; *Exum* v. *Cogdell,* 74 N. C. 139; *Estis* v. *Jackson,* 111 N. C. 145; 32 Am. St. Rep. 784.) The doctrine of estoppel does not apply to an administrator, nor will his title be affected by any estoppel that does not rest on equities against the estate. (*Gilkey* v. *Hamilton,* 22 Mich. 283.) There was no valid ratification by the plaintiff of the sale by Edmunds, as the plaintiff, as executrix, had no power to confer authority for such sale. (Civ. Code, sec. 2312; *McCracken* v. *San Francisco,* 16 Cal. 591; *Zottman* v. *San Francisco,* 20 Cal. 97; 81 Am. Dec. 96; *People* v. *Swift,* 31 Cal. 28.) The plaintiff is entitled to the property, and it is her duty to take possession of it for the purpose of paying expenses of the last sickness, funeral expenses, expenses of administration, and for the support of the family of the deceased. (Code Civ. Proc., secs. 1205, 1452, 1467, 1581, 1643, 1646; Civ. Code, secs. 1359, 1373; *Jahns* v. *Nolting,* 29 Cal. 508; Schouler on Executors and Administrators, pars. 269, 421, 423.)

HAYNES, C.—Upon the first trial of this case the defendant had judgment, and the plaintiff appealed, and the judgment was reversed by this court. (See *Krumdick* v. *White,* 92 Cal. 143.) After the reversal a new trial was had, which resulted in findings and judgment for the plaintiff, and defendant appeals therefrom, and from an order denying his motion for a new trial.

The action is in claim and delivery to recover possession of certain personal property, with damages for its detention.

William Krumdick died February 13, 1887. On January 4, 1887, during his last illness, he executed a certain instrument in writing to F. J. Edmunds concerning the property here in question, under which Edmunds

sold the property, consisting of horses and wagons, to
the defendant in April, 1887, after the death of Krum-
dick; and this instrument, it is contended by appellant,
empowered Edmunds to confer a good title to the prop-
erty by the sale.

Upon the former appeal a construction was given to
that instrument. It was there said: "The instrument
was one which constituted Edmunds the agent of Krum-
dick, while disabled, to carry on his business as a hauler
of freights, and to do all acts in that behalf which
Krumdick could. But it did not vest any interest in
Edmunds to the subject matter of the agency confided
and intrusted to him, and at Krumdick's death the
power of Edmunds to sell ceased as to White, who had
notice of Krumdick's death before the former purchased
the property."

This must be taken as the law of the case, and, unless
new facts appear requiring a different construction, is
conclusive of the correctness of the judgment.

It is urged that a paper intended to be signed by
Krumdick's creditors, and which accompanied the in-
strument given to Edmunds, was not before this court
upon the former appeal, and that the agreement intended
to be signed by the creditors, and which was afterward
signed by some of them, requires a different construction
of the principal instrument from that given upon the
former appeal.

Appellant is mistaken. It is true this creditors' agree-
ment is not mentioned in the opinion, but it was printed
in the transcript immediately following the instrument
creating the agency of Edmunds, and must have been
considered. If, however, the question were open, there
is nothing in the creditors' agreement inconsistent with
or requiring a different construction of the instrument
given to Edmunds.

If Edmunds' power or authority to sell the property
terminated with Krumdick's death, as was conclusively
settled upon the former appeal, the authorities cited by

appellant upon the subject of trusts can have no application now, and need not be noticed.

It is also contended that the plaintiff is estopped from asserting a claim to the property in controversy.

The evidence discloses the fact that the purchase money paid by defendant for the property was distributed by Edmunds among those creditors of Krumdick who presented their claims to him; that among others Mrs. Krumdick's attorney presented her claim for three hundred dollars, and that she received her pro rata share of the proceeds, amounting to one hundred and twenty-four dollars, and appellant contends that because thereof she is estopped from asserting that Edmunds had no power to sell the property and distribute the proceeds.

But the evidence further shows that the defendant, the purchaser of the property, knew the terms of the instrument under which Edmunds sold the property, and also knew of Krumdick's death; and, if he was mistaken as to its legal effect, the plaintiff is not responsible for his error; and appellant expressly testified that plaintiff did nothing to influence him in any way, that he consulted an attorney, and acted upon the instrument alone. The facts concerning the power of Edmunds to sell being known, and not having been misled by the plaintiff, there is no room for an estoppel upon those facts. If the receipt by her, as a creditor, of her pro rata share of the money paid by the defendant for the property had any effect, it must have been by way of ratification; and appellant claims that it so operated. But this contention cannot be sustained. If Edmunds was not authorized to sell the property after Krumdick's death, as was settled upon the former appeal, the property belonged to his estate and was assets to be administered by the executrix. Section 2312 of the Civil Code provides: "A ratification is not valid unless, at the time of ratifying the act done, the principal has power to confer authority for such an act"; and section 2313 of the Civil Code provides: "No unauthorized act can be

made valid, retroactively, to the prejudice of third persons without their consent."

It is hardly necessary to say that the plaintiff, whether as executrix or legatee, could not have authorized a sale of the property by Edmunds to the defendant, and therefore could not ratify such sale; and, besides, it appears from the evidence that neither the expenses of the last sickness of the deceased nor the funeral expenses had been paid, and these are preferred claims; and such ratification would operate to the prejudice of that class of the creditors of the estate, if no other.

The only errors assigned are that certain of the findings are not justified by the evidence, and, as the supposed insufficiency depends upon the questions discussed, the judgment and order appealed from should be affirmed.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., HENSHAW, J., TEMPLE, J.