[L. A. No. 484.  Department Two.—September 5, 1899.]

## L. C. McKEEBY, Appellant, v. CITY OF LOS ANGELES, Defendant.

OPENING OF STREET—AWARD OF DAMAGES TO ESTATE OF DECEDENT —VOID DEED OF ADMINISTRATOR.—Upon the opening of a street by a city, and the award of damages therefor to the estate of a deceased person, a deed to the city by the administrator of the land of the estate taken by the city for the street, executed without an order of court authorizing it, is void.

ID.—USE OF DAMAGES FOR BENEFIT OF ESTATE—CONSENT OF HEIR— ACTION BY GRANTEE.—Where the damages awarded to the estate were paid to the administrator and used for the benefit of the estate, which was settled with the full consent of the sole heir, after knowledge of all the facts, his grantee, with like knowledge, cannot maintain an action to recover the damages a second time from the city.

ID.—ACTION FOR DAMAGES—TITLE NOT INVOLVED.—In an action by the grantee of an heir to recover damages for the taking of land of the estate by the city, under a void deed of the administrator, the title to the land, or the right of the city to retain possession of it as against the heir, is not involved.

ID.—POSSESSION AND PAYMENT BY CITY UNDER MISTAKE OF LAW— TRESPASS—DUTY OF ADMINISTRATOR TO COLLECT DAMAGES.— The taking of possession of the street by the city and the payment of the damages, under a mistake of law as to the unauthorized deed of the administrator, has no other effect upon the claim for damages than if the city had taken possession by trespass, without the knowledge or consent of the administrator; and the claim for damages being an asset of the estate, it was the duty of the administrator to collect the damages for its benefit.

ID.—STATUTES AS TO SALES OF LAND INAPPLICABLE.—The statutes relating to sales of land by an administrator, compliance with which is essential to a valid sale, have no application to claims for damages accruing to the estate by reason of acts of trespass upon the land.

ID.—EFFECT OF DISTRIBUTION TO HEIR.—The heir having consented to the settlement of the estate with the claim for damages included therein by the administrator to his knowledge for the benefit of the estate, took the estate on distribution freed from any claim against the city on account of the damage to the land taken for the street; and his grantee stands in his shoes in relation thereto.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Walter Van Dyke, Judge.

The facts are stated in the opinion.

McKeeby & Whitney, and H. H. Appel, for Appellant.

The deed of the administrator, not having been made pursuant to law, was a void act. (*Gregory v. McPherson*, 13 Cal. 562, 576, 577; *Townsend v. Gordon*, 19 Cal. 189, 208; *Pryor v. Downey*, 50 Cal. 388; 19 Am. Rep. 656; *Hill v. Den*, 54 Cal. 6; 85 Cal. 390; 20 Am. St. Rep. 232; *Nowler v. Coit*, 1 Ohio, 519; 13 Am. Dec. 640; *Bloom v. Burdick*, 1 Hill, 130; 37 Am. Dec. 299, 307.) The title to the land was vested in the heirs, subject to administration (Civ. Code, sec. 1384), and the city could not acquire the title by dealing with the administrator alone. (Finlayson's Street Laws, 262.) The payment under a mistake of law to the administrator was voluntary (*Hurd v. Hall*, 12 Wis. 124; *Brumagim v. Tillinghast*, 18 Cal. 271; 79 Am. Dec. 176), and could neither be recovered back nor offset against the claim of the heir or his grantee. (*Cornell v. Smith*, 6 N. W. Rep. 460-461.) There is no ground for an estoppel *in pais* against the heir. (*Hill v. Den*, 54 Cal. 6, 23; 85 Cal. 390, 400; 20 Am. St. Rep. 232; *Dorlarque v. Cress*, 71 Ill. 380.) A void estate cannot be satisfied. (Freeman on Void Judicial Sales, sec. 48.) The action is warranted by the decisions of this court. (*Reardon v. San Francisco*, 66 Cal. 492; 56 Am. Rep. 109; *Bieglow v. Los Angeles*, 85 Cal. 614; *Tyler v. Tehama Co.*, 109 Cal. 619.)

W. E. Dunn, for Respondent.

Plaintiff stands in the shoes of his grantor, and is bound by the same estoppel. (*Ions v. Harbison*, 112 Cal. 261.) The heir consented to the settlement of the claim for damages as part of the estate, and is not wronged by it. (Civ. Code, sec. 3515.) The heir and the plaintiff are bound by an estoppel *in pais*. (*Carpy v. Dowdell*, 115 Cal. 680; *Scott v. Jackson*, 89 Cal. 258.) The land was taken by the city, and the award of damages was properly collected by the administrator.

CHIPMAN, C.—Action for damages. The court found the following facts: Under the provisions of the act of March 6, 1889 (Stats. 1889, p. 70), for laying out, opening, and extending any street et cetera, and to condemn and acquire any land necessary or convenient for that purpose, the city council of the

city of Los Angeles took all the steps required by the statute to assess the benefits and damages for the opening of Castelar street into Bellevue avenue; the report of the commissioners was confirmed and adopted May 7, 1894, and among other pieces of property described in the ordinance of intention and in the report as land to be taken for said opening of said street was a portion of lot 24 in block H of the Fort Hill tract, reported as belonging, and which did belong to the estate of Mary Martin, deceased, and the sum of six hundred and twenty dollars was fixed and allowed as the value of said portion of said lot; D. W. Field, public administrator, was the administrator of said estate at the time and so continued until after March 12, 1896; on February 15, 1895, the street commissioners, by warrant drawn on the funds of the treasury of said city to the account of said improvement, paid to said Field the sum of six hundred and twenty dollars, as administrator of said estate, and on that day he executed, as such administrator, to the city a deed conveying said portion of said lot and delivered the same to the commissioners; one Samuel Earl was the sole heir of deceased, and as such succeeded to all the property of the estate subject to all just debts of deceased and costs and expenses of administration; said sum so paid to said Field was used by him and applied "in payment of claims against said estate of Mary Martin, deceased, and costs of administration, duly allowed, and that in his final account as such administrator said Field fully accounted for the same as money received 'for improving streets,' and that on the settlement of said final account it appeared that said estate was indebted in the sum of seven hundred and ten dollars, and that the further sum of ninety dollars, in addition to said sum of six hundred and twenty dollars, was required to pay off and discharge the debts and expenses of administration in order to close up said estate; that said sum of ninety dollars was advanced by said heir, Samuel Earl, and said account settled and allowed; that said Earl was represented on the hearing of settlement of said final account by his attorneys (one of whom is the plaintiff in this action), and that no exceptions or objections to said final account were made"; a decree of distribution was thereafter entered whereby the whole of said lot was distributed to said Earl, who there-

after made his deed of conveyance to plaintiff, who "knew that said commissioners had paid said sum of six hundred and twenty dollars to said Field, and that said Field had executed and delivered said deed to said city, and that said Field had paid and applied said sum of six hundred and twenty dollars in satisfaction of legal and duly allowed claims against the estate of said Mary Martin, deceased"; "the value of the strip of land hereinbefore described and the damages to the remaining portion of said lot . . . . does not exceed in the aggregate the sum of six hundred and twenty dollars." As conclusions of law the court found that the plaintiff should recover nothing by his action, and that defendant should recover its costs. Judgment was accordingly entered, from which and from an order denying motion for a new trial plaintiff appeals.

It is admitted that the administrator took no proceedings in the probate court to sell the property to the city, and obtained no order to convey it. All parties agree that his deed was without authority and is void. The evidence shows that Earl, the sole heir of deceased, plaintiff's grantor, had knowledge of the conveyance by the administrator and the purpose for which it was given; he had knowledge that the consideration paid was used by the administrator in paying debts and expenses of administration, and his attorney, the present plaintiff, was in court at the time the final account was heard as Earl's representative, and he examined the items of the account. Plaintiff testified: "We looked at the account and had no objection to it. We wanted to see what part of the six hundred and twenty dollars was paid." When asked to what extent he represented Earl he said: "To the extent I have stated. We simply said that we had no objection to that account. The court asked if we had looked at this account, and we said yes, and that we had no objection." And, again, he said he "consented that this account be allowed." The account shows receipts, including an item of six hundred and twenty dollars "cash received Los Angeles city damages to Reid lot for improving street," two thousand and twenty-two dollars and eighty cents, and disbursements two thousand and four dollars. There was a report accompanying the account explaining this item of six hundred and twenty dollars, and showing a balance of eighteen dollars and eighty cents. The account

was settled as rendered, and Earl's attorneys advanced for Earl to the administrator sufficient (ninety dollars as shown by the report) to enable the estate to be closed and the property distributed. Subsequently, with full knowledge of all the facts, plaintiff took his deed from Earl (including an assignment of any claim he had for damages), presented the claim to the city authorities for damages, which being refused he thereupon brought this suit.

So far as we can see, it is a simple action for damages done by the city under a deed which it is conceded has no validity. The right of the city to retain the possession of the land is not involved.

The city was a trespasser, and as such became liable in damages. It paid in full, however, all the court found that the land was injured, and the only question is whether it should pay a second time.

Appellant's position is, that the payment by the city was under a mistake of law, and was a voluntary payment to the administrator and cannot be recovered from him nor from one to whose benefit he applied it, by way of counterclaim or setoff; that there is no ground for estoppel in the case against the heir or his grantee, and there is no right of subrogation; that the decree of distribution, until set aside, is a complete estoppel of record against the city.

Whatever may be the law in this state as to the title to the land and the right of the city to withhold possession from plaintiff—questions not now involved—we think the plainest principles of equity and good conscience should prevent plaintiff from recovering damages after having once had the benefit of full payment. When the land was damaged it was part of the estate; the city became at once liable to the estate, but we cannot see that because the liability arose through mistake of law and through the unauthorized act of the administrator, the claim for damage would be different from a claim which would have arisen if the city had proceeded without the knowledge or consent of the administrator; the claim became an asset of the estate, and it was the duty of the administrator to collect it, and he did so, as the representative of the heir, and accounted for the money to the estate, and used it to pay debts

and charges for which the land in question was liable, and which had to be paid before complete title could pass by distribution to plaintiff's grantor. Conceding that, if this were an action to quiet title or to recover possession of the land, defendant would not be subrogated to the rights of creditors, and would not be entitled to the repayment of the money it paid out before plaintiff could recover, and also conceding that in such an action plaintiff would not be estopped because he had indirectly received the benefit of the sale, it seems to us that the principles upon which the court might hold with plaintiff do not apply. The statutes relating to sales of land by an administrator, compliance with which is essential to a valid sale, have no reference to claims accruing to the estate by reason of acts of trespass upon the land. There is no pretense of fraud in the permission given by the administrator to the defendant to take possession of the land. The most that can be said is, that he unlawfully permitted injury to property in his care and custody as trustee of the estate and of the heir at law. But when that injury was fully compensated, and the estate and the heir received the full benefit of the compensation, and the heir consented to the settlement of the final account, including this item of damage to his property, he took the land on distribution freed from any claim against defendant on account of this damage. The administrator, as the representative of the heir, had a right as such to accept payment for the damage, subject to the approval of the court; he had this approval when his account was settled and allowed, and, as the heir consented to the allowance of the account, we cannot see why his grantee, who stands in his shoes, should be heard to complain.

We advise that the judgment and order be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Temple, J., Henshaw, J.