MALISA HERDLICKA, Administratrix, Appellants, v. D. L. EVANS, Appellee.

Real property: SALE BY ADMINISTRATOR: PERFORMANCE OF CONTRACT: 1 RECOVERY OF PRICE. Where an administrator contracted to sell real property of the estate and to furnish an abstract showing good and clear title, an action to recover a balance of the purchase price could not be maintained until performance of the contract by perfecting the title as agreed. If title has been perfected by the purchaser then the administrator would be entitled to recover the difference

between the balance due under the contract and the fair, reasonable and necessary expense of perfecting the title.

Same: SERVICE OF NOTICE UPON MINOR: JURISDICTION: PRESUMPTION.
2  Service of notice upon a minor under fourteen years of age must be made upon his parent, guardian or the one having the care or control over him, or with whom he resides, or in whose service he is employed, to confer jurisdiction; and where the service was erroneously made upon the minor himself a recital in the decree that due and legal service was made, while raising a presumption of jurisdiction is not conclusive but may be rebutted.

Same: PROOF OF SERVICE. The return of service of notice of an application
3  to sell the real property of an estate, when served by one not an officer of whose act the court will take judicial notice, must be sworn to; and in the absence of such proof of service the notice will not confer jurisdiction.

Same: SALE BY ADMINISTRATOR: CAVEAT EMPTOR. Where the proceed-
4  ings authorizing an administrator to sell real estate for the payment of debts were defective in matters relating to the right of the administrator to sell, the rule of *caveat emptor* has no application.

*Appeal from Iowa District Court.*—HON. R. P. HOWELL, Judge.

TUESDAY, JANUARY 27, 1914.

ACTION by an administratrix to recover a balance claimed to be due on the sale of the land made by her as administratrix for the purpose of paying the debts of the estate. —*Modified* and *Affirmed.*

*W. J. Baldwin,* for appellant.

*J. F. Kirby,* for appellee.

PER CURIAM.—This is an action brought by the administratrix of the estate of Andrew Hrdlicka to recover a balance claimed to be due on the purchase price of eighty acres of land sold by said administratrix to the defendant under order

of the court; the sale being made by the administratrix for the purpose of paying debts, the total purchase price being $8,000. The balance claimed to be due is $200.

At the October term, 1910, the administratrix filed in the district court of Iowa county a petition in due form, praying that she be authorized to sell said real estate for the purpose of paying the indebtedness of the estate. It appears that, after the filing of this petition at the October term, the court ordered the sale as prayed, and appointed appraisers; that the land was appraised at $100 an acre, or $8,000.

On the 29th day of November, 1910, the administratrix entered into a written contract with the defendant, in which she agreed to sell, on the 1st day of March, 1911, all her right, title, and interest in and to said real estate for the sum of $8,000, payable in cash on the 1st day of March, 1911, and she therein agreed with the defendant to furnish him an abstract of title showing good and clear title to the premises sold on the 1st day of March, 1911, and to deliver a good and sufficient warranty deed conveying clear title.

It appears that subsequently it was discovered that proper service had not been made on some of the parties, who were minors under fourteen years of age. Service was made by having them accept service of the notice. This was thought by the parties to be a fatal defect in the proceedings, and thereafter, in June, 1911, the administratrix filed another application in the district court, alleging that at the October term of said court, 1910, she made an application for an order to sell real estate (being the real estate hereinbefore referred to) to pay the debts of said estate; that said application was set for hearing October 18, 1910; that notice of the application to sell was accepted by written acceptance of all parties interested, and that the order for sale was made in November, 1910; that the application to sell showed, that the administratrix had contracted to sell said premises prior to the fil-

ing of the application; that an order was granted as prayed, but that through an oversight no guardian ad litem was appointed to defend the minors, some of the defendants being minors under fourteen years of age, and that the service of notice of that proceeding was had by acceptance on the part of said minors, and that it was the opinion of the guardian that it be for the best interests of said minors to set aside the sale, and all proceedings under said application, and resell the premises, but that, if the court deemed it for the best interests of the minors that the sale theretofore made be confirmed, and all proceedings leading up thereto be confirmed, the administratrix prayed that that should be done. Thereupon the court, by written order, fixed June 26, 1911, as the date for hearing, and ordered that eight days' notice be given the minors interested, by personal service upon them, as required by law; that thereupon a notice was framed and the same is claimed to have been served upon said minors, informing them of the application and of the time of hearing. Thereupon, the court entered an order confirming the sale theretofore made, and all proceedings had under the original petition, and all the acts of the administratrix in the sale of the said premises.

It appears, however, that the notice of this proceeding claimed to have been served upon the minors, upon which the court's jurisdiction depended, was served by one August Wiebold, a constable, but the same was not sworn to or verified in any way, and no proof of the service appears on the record other than the unsworn return of said constable. Thereupon it was claimed by the defendant that the proceedings on the part of the administratrix, and upon which alone her right to convey depended, were not perfect, and that the record did not show (and an abstract could not show) a good and clear title to the premises sold, and that, by reason of the defects aforesaid, she could not deliver a good and sufficient warranty deed conveying clear title.

It appears that at the time of the sale the premises in controversy were mortgaged for $8,000; the mortgage was due and the mortgagee insisted on payment; that thereafter, on September 8, 1911, the plaintiff as the administratrix, and the plaintiff for herself, entered into the following agreement, and, upon entering into the agreement, the defendant herein paid the sum of $7,800 on the mortgage, to be applied on the purchase price of the premises, to wit:

Iowa City, Iowa, Sept. 8, 1911.

I, W. J. Baldwin, for Melissa Herdliska and the heirs of Andrew Herdliska, deceased, and for Melissa Herdliska, as administratrix of the estate of Andrew Herdliska, deceased, hereby acknowledge receipt of $7,800.00 from D. L. Evans by way of payment on the mortgage made by William F. Fitzgerald to Clara J. McLean, dated November 23, 1905, due five years after date, recorded in book 47, page 196, Land Mortgage Records of Iowa county, Iowa, conveying the N. W. ¼ of section 13, township 79 N., range 9, assigned to the Farmers' Loan & Trust Company of Iowa City, Iowa, and received by me by way of said payment as payment of part of the purchase price of the S. ½ of the N. W. ¼ of section 13, township 79 N., range 9, Iowa county, Iowa; the remainder of said purchase price being retained by' agreement between the parties, pending perfection of said title; the said payment being made by the said D. L. Evans to prevent foreclosure of said mortgage, which is now due and which the holder thereof has threatened to foreclose unless same is paid at once; and by making this payment at this time the said D. L. Evans admits no responsibility for the delay in the making of said payment prior to this, and admits no claim of Melissa Herdliska for interest thereon, and waives no claim to have the title to said land perfected by the said Melissa Herdliska and the heirs of Andrew Herdliska, deceased; and this payment is to be received and accepted as payment made to the said estate on the title to said land passing to the said D. L. Evans as aforesaid, and is to be considered as paid in consideration of said land on the title thereto passing and on the passing of title from the administratrix of the estate of said Andrew Herdliska and from his widow and heirs to the

said D. L. Evans; and the said Melissa Herdliska, for herself and the estate of the said Andrew Herdliska, in consideration of said payment being made, waives all claims against the said D. L. Evans for interest because of the delay in the payment of said part of the purchase price of said land. Neither party hereto waives any right he may have under contract for purchase of said land. Melissa Herdliska, and Melissa Herdliska, administratrix of the estate of Andrew Herdliska, deceased, by W. J. Baldwin, her attorney.

It appears that, after the suit at bar was commenced, Melissa Hrdlicka, widow, was substituted for Melissa Hrdlicka, administratrix, and is now prosecuting in her own right; she claiming that she has settled with the estate, and now owns whatever right the estate had to the $200 in suit. The court, at the conclusion of the trial of the cause, entered judgment for the defendant, dismissing plaintiff's petition. The judgment does not show on which of the several defenses interposed by the defendant judgment was entered.

The defendant, among others, entered a plea in abatement, claiming that the plaintiff's cause of action had not matured, for the reason that she had not complied with the terms of her contract, and her suit was therefore prematurely brought. Based on this ground, we think the judgment was right, that the case was prematurely brought, but that the judgment should have shown this fact. The plaintiff is entitled to recover whatever amount is due on the purchase price when she has complied with the terms of her contract. If she has complied, that fact should be shown.

1. REAL PROPERTY: sale by administrator: performance of contract: recovery of price.

If the defendant has perfected the title, then the plaintiff would be entitled to recover the difference between $200 and the fair, reasonable, and necessary expense incurred by him in perfecting the title, if any.

It is claimed by the plaintiff that these defects in the proceedings hereinbefore referred to were such as cannot be

relied upon by the defendant in this suit for the reason that
the judgment of the court shows, and there
is a special finding by the court, that due and
legal service was made upon the defendants,
and all the defendants; that such finding
raises a presumption of jurisdiction. It is true that where
the decree recites service of notice, in accordance with law,
this raises a presumption of service, but this is rebuttable
presumption.

2. SAME: service
of notice upon
minor: juris-
diction: pre-
sumption.

The record clearly shows that in this first proceeding
service upon the minors was made by acceptance of service;
and that some of the minors were under fourteen years of age.
This is not a compliance with the requirements of the statute.

Section 3533, of the Code provides: "If the defendant
is a minor under fourteen years of age, the service must be
made on his father, mother or guardian, but if there be none
of these within the state, then on the person therein having
care of or control over or with whom he resides, or in whose
service he is employed."

This service is essential to jurisdiction, and, without
jurisdiction over a minor, any order made as to him is void.

As to the second proceeding, brought for the purpose of
correcting the first proceeding in the sale of the land, the
only proof of notice upon these minors, over
which the court assumed to have jurisdiction,
was the unsworn statement, in writing, by
one, of whose act the court could not take judicial notice.

3. SAME: proof
of service.

Section 3524 provides: "If service is made within the
state . . . by one not such officer, . . . the return
must be proven by the affidavit of the person making the
same."

The notice served in this case, if served, was made by a
constable. There is no proof of the service because the alleged
service was not sworn to or verified in any way, so that, as
to these minors, the record negatives, rather than confirms,
the finding of the court that it had jurisdiction. That upon

which the court acted in assuming jurisdiction does not show the fact upon which the jurisdiction depended. It will be noticed that, after this second order had been made by the court in which it attempted to confirm the sale, the agreement of September 8th was entered into. This was entered into by the plaintiff, not only for herself, acting as administratrix, but for herself in her own right as widow, and, notwithstanding her contract, that the money should be retained by the defendant until the title was perfected, she is now asking for judgment for the money so retained, without showing compliance with her contract, which provides: "The remainder of the purchase price, to wit, $200.00, being retained by agreement between the parties pending perfection of said title."

Many questions are urged by counsel on the subject of appeal and upon the rules of law involved that we do not think applicable to this case as it stands upon the record here, and therefore we do not feel called upon to review these authorities so relied upon.

The defect here does not rest in the title held by the parties whom the administratrix represented, but inheres in the defective proceedings upon which the right of the administratrix to convey the title contracted for, rests. The rule of caveat emptor does not therefore apply.

4. SAME: sale by administrator: caveat emptor.

We think the judgment ought to be affirmed, but modified so as to show in the judgment of dismissal that the same was dismissed as prematurely brought, leaving to the plaintiff the right to pursue any remedy she may elect after she has perfected the record, or to recover any balance that may be due her if the defendant has perfected the record title.—*Modified* and *Affirmed*.

LADD, C. J., and DEEMER and WITHROW, JJ., concur.