[S. F. No. 14998. In Bank.—December 30, 1935.]

THE TEXAS COMPANY (a Corporation), Respondent, v. BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION (a National Banking Association), Appellant.

36

Borton & Petrini for Appellant.

Charles C. Stanley and J. A. Tucker for Respondent.

THE COURT.—A hearing was granted in this case after decision of the District Court of Appeal, First Appellate District, Division One, to give further consideration to the questions of the jurisdiction of the court arising from the stipulated facts. Upon such further consideration we have concluded that the law as it existed at the time of the appointment of the special administrator and the making of the order authorizing the lease involved was correctly stated in the opinion prepared by the District Court of Appeal. We therefore adopt that opinion as the opinion of this court on the disposition of the appeal herein. The opinion of the District Court of Appeal follows:

"After a trial upon stipulated facts, judgment was rendered that respondent recover from appellant money paid as consideration for the execution by the latter, as special administrator of the estate of L. V. Olcese, of an oil lease demising land of the estate to the former. The regularity of the proceedings for authority, taken under section 1579 of the Code of Civil Procedure, is not challenged. This appeal raises the following questions: (1) was the lease void, because of a void appointment of appellant, as special administrator, and (2) was the lease, if void, validated by curative statutes or subsequent conduct of the parties? If the lease was void, respondent was entitled to a return of its payment for the lease. (*Schlicker* v. *Hemenway*, 110 Cal. 579 [42 Pac. 1063, 52 Am. St. Rep. 116]; *Hellman* v. *Merz*, 112 Cal. 661 [44 Pac. 1079].)

"The following facts appear from the stipulation: L. V. Olcese died intestate on August 20, 1929, having been a resident of and leaving an estate in Kern county. He left as heirs a brother, three sisters and others of no present concern. On August 28, 1929, the brother and two sisters, and, on August 30, 1929, appellant, as nominee of the third sister, separately petitioned the superior court of Kern county for letters of administration. After hearing the two petitions, the superior court, on September 12, 1929, made its order denying the first and granting that of appellant, to whom, on

the same day, after qualification, letters of administration were issued. The brother, a week later, appealed to the Supreme Court from this order without requesting a writ of *supersedeas*. On September 21, 1929, upon appellant's petition therefor, the superior court, by an order reciting that notice of the hearing had been dispensed with as unnecessary, appointed it as special administrator with the powers of a general administrator. Special letters were issued the same day to appellant, who thereafter and until June 7, 1930, acted thereunder. On March 28, 1930, the superior court after due and regular proceedings under said section 1579 authorized appellant, as special administrator, to lease lands of the estate to respondent, and appellant, in consideration of the receipt of forty-eight hundred dollars ($4,800), executed the lease in question. The Supreme Court on August 30, 1930, reversed the order appointing appellant general administrator (*Estate of Olcese*, 210 Cal. 262 [291 Pac. 193]), and, on October 27, 1930, annulled the order appointing it special administrator. (*Olcese* v. *Superior Court*, 210 Cal. 566 [292 Pac. 964].)

 " 'Probate proceedings being purely statutory, and therefore special in their nature, the superior court, although a court of general jurisdiction, is circumscribed in this class of proceedings by the provisions of the statute conferring such jurisdiction, and may not competently proceed in a manner essentially different from that provided (*Smith* v. *Westerfield*, 88 Cal. 374, 379 [26 Pac. 206].)' (*Estate of Strong*, 119 Cal. 663, 666 [51 Pac. 1078].)  The facts of the death of the intestate and of his residence within Kern county gave the superior court of that county jurisdiction of the subject-matter of his estate. (*Haynes* v. *Meeks*, 10 Cal. 110 [70 Am. Dec. 703].) That jurisdiction was acquired by virtue of the petitions for letters of administration. (*Middlecoff* v. *Superior Court*, 149 Cal. 94, 97 [84 Pac. 764].)  Jurisdiction sometimes means authority over the subject-matter but it also frequently means authority to do the particular thing done. (*Spreckels S. Co.* v. *Industrial Acc. Com.*, 186 Cal. 256, 260 [199 Pac. 8].) Although jurisdiction over the subject-matter of the estate authorized the appointment of an administrator, yet, since various provisions of the Code of Civil Procedure provided the exclusive method for the exercise of such authority, an

appointment contrary to the applicable provisions would be in excess of the court's jurisdiction. The Supreme Court reversed the order of appointment because it violated section 1365 of such code which gave the brother and sisters a preference over a nominee of one sister. (*Estate of Olcese, supra.*) It annulled, for want of jurisdiction, the order appointing the special administrator, because notice of the application for such appointment had not been given in compliance with section 1412 of this code. (*Olcese* v. *Superior Court, supra.*)

█ "Because of the similarity in the procedure for a lease, as stated in said section 1579 with that provided for a sale by section 1537 of the same code, before its repeal in 1919, it would seem that the rule, under the latter, as to the jurisdictional necessity of a petition in the case of a sale should be equally applicable in the case of a lease. Under that former procedure, jurisdiction of the sale proceedings came from the filing of the petition and not from the general jurisdiction of the court over the administration of the estate. (11 Cal. Jur. 901.) Subdivision 1 of section 1579 restricts permission to apply for an order to lease realty of a decedent's estate to the administrator, executor or a person interested in the estate. The presentation of a petition by an authorized person is a jurisdictional fact and, if the court erroneously grants the petition of an unauthorized person, its order is void and cannot support a lease. (Freeman, Void Judicial Sales, sec. 10.) An attempted sale of land by one who assumes to act as administrator, but who has not been regularly appointed, and who has not given the bond and qualified and received letters as such, is void, even if the sale is ordered and approved by the probate court. (*Pryor* v. *Downey,* 50 Cal. 388 [19 Am. Rep. 656].) █ Respondent solely attacks the validity of the lease on the ground that, since the order appointing appellant as special administrator was void, it lacked authority to execute it. Appellant seeks to supply any such want of authority by claiming that it also acted as general administrator in such execution. The stipulated facts bar such claim for they show that appellant did not act as general administrator after the appeal from the order appointing it general administrator had been perfected and that it, as special administrator, sought and obtained permission to lease. Legally,

the claim is equally untenable because that appeal suspended its authority as general administrator . (*Estate of Stough*, 173 Cal. 638 [161 Pac. 1]), and such suspension made possible its appointment as special administrator. (*Estate of Chadbourne*, 14 Cal. App. 481 [112 Pac. 472] ; *Estate of Heaton*, 142 Cal. 116 [75 Pac. 662].)

"The proceeding in *certiorari*, which resulted in an annulment of the order appointing appellant special administrator (*Olcese* v. *Superior Court, supra*) was a direct attack upon that order. (*Miller* v. *Superior Court*, 84 Cal. App. 605 [258 Pac. 614].) The present case involves a collateral attack upon that order. (*Baxter* v. *Boege*, 173 Cal. 589 [160 Pac. 1072] ; *Baldwin* v. *Stewart*, 218 Cal. 364 [23 Pac. (2d) 283].) The same presumption as to jurisdiction attaches to decrees in probate proceedings upon collateral attack as to other judgments of the superior court, as a court of general jurisdiction. (*Burris* v. *Kennedy*, 108 Cal. 331 [41 Pac. 458].) To be attackable collaterally for lack of jurisdiction the order must be void on its face and it is not void on its face unless the record affirmatively shows that the court was without jurisdiction to make the order. (*Hogan* v. *Superior Court*, 74 Cal. App. 704 [241 Pac. 584].) If the record discloses that the court had no jurisdiction to make the order of appointment, then it is void and can be attacked at any time. (*Estate of Eikerenkotter*, 126 Cal. 54 [58 Pac. 370] ; *Pearson* v. *Pearson*, 46 Cal. 609.) The order, a copy of which is attached to the stipulation, recites that 'in the judgment and opinion of the court, no notice of the application for this order is necessary and such notice is now hereby dispensed with'. Since notice was required to obtain jurisdiction (*Olcese* v. *Superior Court, supra*) the order is void on its face. Such an order may be attacked any time or anywhere, directly or collaterally whenever it presents itself, either by parties or strangers. It is simply a nullity and can be neither a basis nor evidence of any right whatever. (*Estate of Pusey*, 180 Cal. 368 [181 Pac. 648].) A judgment void on its face is a nullity and all acts performed under it are void. (*Kreiss* v. *Hotaling*, 96 Cal. 617 [31 Pac. 740].) We are satisfied, therefore, that the lease was void.

"To validate the void lease, appellant relies upon the last two sentences of said section 1579, which read in part as

follows: 'Jurisdiction of the court to administer the estate of the decedent . . . shall be effectual to vest such court and judge with jurisdiction to make the order for the lease . . . No omission, error, or irregularity in the proceedings shall impair or invalidate the same, or the lease made in pursuance thereof.' The court had jurisdiction to administer the estate but, because of failure to give the notice required by statute, it never acquired jurisdiction to appoint appellant special administrator. (*Monk* v. *Morgan,* 49 Cal. App. 154, 159 [192 Pac. 1042].) Appellant was not authorized to file a verified petition and, without such petition, the court did not have jurisdiction to make the order for the lease. (*Wills* v. *Pauly,* 116 Cal. 575 [48 Pac. 709].) The literal wording of the first sentence, above quoted, would appear to supply the lack of jurisdiction to make the order for the lease by means of the jurisdiction to administer the estate. Although this provision has been in effect since its adoption in 1887, its meaning and effect seem never to have been declared by the appellate courts of this state. In considering a statute worded identically, except as to a few minor differences, the supreme court of Montana, in *State* v. *Second Judicial District Court,* 24 Mont. 1 [60 Pac. 489, 493], said: 'If the court could grant them a lease under these circumstances, then it could, of its own motion, without any application or notice, or hearing, grant a lease to any person making it known that a lease was desired. This the court could not do. Its power when sitting in probate matters is derived from the statute and it cannot go beyond the provisions of the statute. (*State* v. *Second Judicial District Court,* 18 Mont. 481 [46 Pac. 259]; *In re Higgins' Estate,* 15 Mont. 474 [39 Pac. 506, 28 L. R. A. 116].) Jurisdiction over the estate and the power arising therefrom to make the order for a lease inure to the benefit of the lessee only when they have been invoked by proper application. The error, omission or irregularity referred to in the latter part of subdivision 6 of the statute, upon which counsel relies for a justification of the order of June 10th, certainly does not warrant dispensing with a verified petition by some authorized person and notice to all parties interested. The order of the district court made and entered on June 10th must be annulled.' (In *Pryor* v. *Downey, supra,* at page 398, the Supreme Court 'expressed the opinion that the words ''de-

fects of form, omissions or errors'' ', as used in the act of April 2, 1866, validating probate sales of realty 'did not embrace a want of power in the person assuming to act as administrator, or the absence of *jurisdiction* in the court which ordered the sale'. The supreme court of Oregon reached the same conclusion as to the effect of a similar curative statute in *Browne* v. *Coleman,* 62 Or. 454, 461 [125 Pac. 278, 281], as follows: 'It is claimed that the curative statute (sec. 7156, L. O. L.) bars the right of defendants in this case, but such statute is limited in its operation to ''irregularities, defects or informalities'' and it is evidently not intended to extend to sales which are absolutely void, and such has been the holding of this court. (*Mitchell* v. *Campbell,* 19 Or. 198 [24 Pac. 455] ; *McCulloch* v. *Estes,* 20 Or. 349 [25 Pac. 724] ; *Fuller* v. *Hager,* 47 Or. 242 [83 Pac. 782, 114 Am. St. Rep. 916].)' A statute, curing irregularities in administrators' sales, did not cure a sale which was void for want of jurisdiction to order the sale because of absence of notice to minor heirs and failure to appoint a guardian *ad litem* as required by law. (*Ball* v. *Clothier,* 34 Wash. 299 [75 Pac. 1099].)

''To give to the above-quoted portion of said section 1579 the broad effect, for which appellant contends, would extend it beyond the limits to which a curative statute may constitutionally go. Statutes of 1931, page 1409, purporting to validate all previous orders appointing special administrators without notice, upon which appellant also relies, is vulnerable to this same constitutional objection. 'These [curative statutes] generally cure merely those defects which do not concern jurisdictional steps and it is usually held that they cannot constitutionally operate to give effect to a sale which is void for want of jurisdiction.' (24 C. J. 694.) In view of the large powers of a special administrator, as in this case, some reasonable notice to persons interested in the estate prior to his appointment should be required. (*Olcese* v. *Superior Court, supra.*) A total lack of jurisdiction due to absence of notice sufficient to constitute due process of law, cannot be cured by a curative statute. (*Miller & Lux, Inc.,* v. *Secara,* 193 Cal. 755 [227 Pac. 171].) An act of the legislature, purporting to validate an order directing a sale of real estate which was void for want of jurisdiction or to validate the sale made under such order, is unconstitutional because it is an attempted exercise of judicial power by the

legislature and contravenes due process of law. (*Pryor* v. *Downey, supra.*) Since a sale of real estate by an administrator divests the heirs of the title which vested in them at the intestate's death, an order for such sale can only be made after notice to them, otherwise the property would be taken without due process of law and therefore a retrospective statute cannot validate a sale without such notice. (*Lamont* v. *Vinger*, 61 Mont. 530 [202 Pac. 769].) This case is particularly in point for the probate procedure there construed was borrowed from this state and the reasoning is mainly based upon California cases. An order for an administrator's sale of realty, made before the expiration of the time allowed by a citation for the heirs' appearance was void for want of jurisdiction and was not validated by a statute, whose wording apparently did so, because to give such effect to that statute would divest the heirs of their title without due process of law. (*Stadelman* v. *Miner*, 83 Or. 348 [155 Pac. 708, 163 Pac. 585, 983].)

▮ "Appellant invokes the doctrine of *caveat emptor* to defeat respondent's recovery. This doctrine is applicable in so far as the estate's title to the demised property is concerned. Appellant leased such title as the decedent had at his death and it was respondent's duty to ascertain before bidding, the nature of that title, for it could not, after confirmation, complain of any defects therein. (*Halleck* v. *Guy*, 9 Cal. 181 [70 Am. Dec. 643]; *Blankenship* v. *Whaley*, 124 Cal. 300 [57 Pac. 79]; *Miller & Lux* v. *Gray*, 136 Cal. 261 [68 Pac. 770]; *Estate of Verwoert*, 177 Cal. 488 [171 Pac. 105].) But, as was said in *Herdlicka* v. *Evans*, 165 Iowa, 207, 214 [145 N. W. 84, 86]): 'The defect here does not rest in the title held by the parties whom the administrator represented, but inheres in the defective proceedings upon which the right of the administratrix to convey the title contracted for, rests. The rule of *caveat emptor* does not therefore apply.' The doctrine is generally held to be inapplicable to a void probate sale. (*Ware* v. *Houghton*, 41 Miss. 370 [93 Am. Dec. 258]; *Bowles' Guardian* v. *Johnson*, 218 Ky. 221 [291 S. W. 29]; *Fletcher* v. *Rickey*, 114 Fla. 563 [154 So. 147]; *Zufall* v. *Peyton*, 26 Okl. 808 [110 Pac. 773, 29 L. R. A. (N. S.) 740].) Since a sale, void for want of jurisdiction, does not divest the heirs of title, the doctrine is not applicable, for otherwise the heirs would both

retain the title and receive the purchase price. (*Zufall* v. *Peyton, supra.*)

▉ "It was stipulated that in October, 1931, appellant and all the heirs executed a written agreement by which the heirs ratified all the acts of appellant, as administrator. This action, appellant argues, validated the lease and therefore prevents respondent's recovery of the consideration paid therefor. Void probate sales may be ratified either directly or by a course of conduct which estops the party from denying their validity. (Freeman, Void Judicial Sales, sec. 50.) The principles of estoppel have often been applied to void probate sales. (*Ions* v. *Harbison,* 112 Cal. 260 [44 Pac. 572]; *McKeeby* v. *City of Los Angeles,* 125 Cal. 639 [58 Pac. 263]; 11 R. C. L. 389 et seq.) However, this agreement, to which respondent was not a party, could not ad-. versely affect its rights because section 2313 of the Civil Code provides: 'No unauthorized act can be made valid, retroactively, to the prejudice of third persons, without their consent.' (See *Krumdick* v. *White,* 107 Cal. 37 [39 Pac. 1066].) The following additional facts, appearing in the stipulation, clearly negative any estoppel as to respondent. From correspondence between the parties, it appears that on November 4, 1930, appellant notified respondent that the decision in *Olcese* v. *Superior Court, supra,* abrogated the lease, that thereafter, over several months, respondent made repeated demands, first, for a valid lease and then, on failure to receive it, for its money, that on April 2, 1931, appellant advised respondent of the filing of its account and suggested that it participate in its settlement and that, in reply, respondent warned appellant that it would be held responsible for the money and suggested that any doubt as to who was entitled to the money be determined in an interpleader action. Although appellant's account, which included the money here involved, was settled and approved, the record is silent as to appellant's ever having paid the money to the administrators who succeeded it. A competitor of respondent between February 6 and March 3, 1931, drilled for oil on a location one-half mile from the leased land and in April, 1931, abandoned its well as a failure. Respondent never knew of the invalidity of appellant's appointment as special administrator until notified by appellant and never exercised any rights under the lease, except to record it.

■ "Appellant finally contends that respondent is concluded by the order settling and approving the account because it included an accounting of the bonus for the lease. Section 927 of the Probate Code permits any person interested in the estate to except to and contest an account. Section 931 of the same code provides that the order settling and allowing the account is conclusive against all persons interested in the estate. Since respondent was not a person interested in the estate, it could not contest the account nor was it bound by the order of settlement. The probate court in the settlement of an account has no jurisdiction to determine the rights of those claiming adversely to the estate (*Estate of Burdick*, 112 Cal. 387 [44 Pac. 734]) nor can it confirm a previous sale. (*Estate of Richards*, 154 Cal. 478 [98 Pac. 528].)"

It follows from the conclusions stated in the foregoing opinion that the judgment should be, and it is hereby, affirmed.