[Civ. No. 21215. Third Dist. July 12, 1982.]

Conservatorship of the Person and Estate of WILLIAM WILFORD MURPHY.
STEVEN B. PLUMER, as Conservator, etc., Petitioner and Respondent, v.
WILLIAM WILFORD MURPHY, Objector and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Anna Jovanovich, Deputy State Public Defender, for Objector and Appellant.

Steven B. Plumer, District Attorney, and Mark Travis, Deputy District Attorney, for Petitioner and Respondent.

OPINION

EVANS, J.—In early September 1981, respondent, in his capacity as Public Guardian for Siskiyou County, petitioned the superior court for reappointment as conservator of the person and estate of William Wilford Murphy pursuant to Welfare and Institutions Code section 5361,[1] asserting the conservatee (Murphy) was still gravely disabled, suffering from alcoholism. The court granted the petition. The petition was contested; a hearing was held October 28, resulting in the reappointment. The conservatee, Murphy, appeals contending the evidence was insufficient to support the court's finding he was presently gravely disabled.[2]

Only two expert witnesses testified at the hearing. Dr. Edgar Brichta testified that Murphy, who was residing in a care facility, had become intoxicated on at least three occasions in the last four years. However, he could not say "unequivocally" that Murphy still needed a conservator. On the date of his testimony, Dr. Brichta opined that Murphy was "competent to manage his affairs." However, it was Dr. Brichta's belief that if Murphy were permitted to manage his own affairs he would once again indulge in alcohol, hence becoming "greatly disabled and a threat to himself if not to others."

Dr. Sandra Dixon, the second expert, was asked, "[D]id you find that he [Murphy], in his present state, is unable to manage his own affairs, provide for food, clothing, and shelter." She replied, "No," then opined that if Murphy were to return to consuming alcohol he would "in all likelihood . . . again become greatly disabled."

In reaffirming its appointment the court stated, "Well, the problem, of course, is that the present condition of Mr. Murphy is such, as he sits here today, that he does not appear to be grievely [*sic*] disabled, howev-

---

[1]Section 5361 states in relevant part: "Conservatorship initiated pursuant to this chapter shall automatically terminate one year after the appointment of the conservator by the superior court.... If upon the termination of an initial or a succeeding period of conservatorship the conservator determines that conservatorship is still required, he may petition the superior court for his reappointment as conservator for a succeeding one-year period. The petition must include the opinion of two physicians . . . that the conservatee is still gravely disabled as a result of mental disorder or impairment by chronic alcoholism."

[2]In view of our disposition we find it unnecessary to resolve Murphy's contention relating to the sufficiency of the petition.

er, the reasonable probabilities are, and I think the great weight of the evidence is, that if he were to be left to his own devices, he would very shortly be back in the realm of those who are greatly disabled because of the intoxication problem and the ingestion of alcohol. It may sound like rampant paternalism, but in my view, that is a characteristic which is currently present in part of his make-up, and has to be taken into account in determining grave disability. As a result, and because of the core prognosis and lack of motivation from refraining from those things that cause him to be gravely disabled, it's my conclusion that the evidence does establish his grave disability and therefore the order re-appointing conservator is re-affirmed and the existing orders will continue in effect."

■ In conservatorship proceedings held pursuant to Welfare and Institutions Code section 5361, the standard to be applied is proof beyond a reasonable doubt. (*Conservatorship of Roulet* (1979) 23 Cal.3d 219 [152 Cal.Rptr. 425, 590 P.2d 1].) Although our research has disclosed no cases expressly stating the standard to be applied for appellate review of conservatorship proceedings under section 5361, we agree with appellant Murphy, and respondent does not argue otherwise, that the appropriate standard is that applied in other proceedings where proof beyond a reasonable doubt is the standard in the trial court, namely the substantial evidence rule. (*People* v. *Johnson* (1980) 26 Cal.3d 557, 562 [162 Cal.Rptr. 431, 606 P.2d 738], review of sufficiency of evidence in criminal conviction; In *re Frederick G.* (1979) 96 Cal.App.3d 353, 362-365 [157 Cal.Rptr. 769], sufficiency of evidence to sustain juvenile court's declaration of wardship based upon finding of burglary.) However, it is unnecessary for us to delineate with specificity the reasons why that standard is applicable under the circumstances of this case since there is *no* evidence that Murphy is gravely disabled.

■ For purposes of Welfare and Institutions Code section 5361, the term "gravely disabled" means: "A condition in which a person, as a result of a mental disorder, *is* unable to provide for his basic personal needs for food, clothing, or shelter; . . ." (Welf. & Inst. Code, § 5008, subd. (h)(1); italics added.) Here, both expert witnesses testified Murphy was presently capable of managing his own affairs, i.e., capable of providing for his food, clothing, and shelter. Their determination, and the court's, that Murphy was gravely disabled was based upon a "likelihood" that if he were released he would at some future time return to

the use of alcohol. The pivotal issue is whether Murphy was "presently" gravely disabled, and the evidence demonstrated he was not.

The judgment is reversed.

Regan, Acting P. J., and Blease, J., concurred.