[No. D005376. Fourth Dist., Div. One. Mar. 11, 1988.]

Conservatorship of the Person of CATHERINE DELAY.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,
Petitioner and Respondent, v.
CATHERINE DELAY, Objector and Appellant.

COUNSEL

Sharron Voorhees, under appointment by the Court of Appeal, for Objector and Appellant.

Lloyd M. Harmon, Jr., County Counsel, Danil J. Wallace Chief Deputy County Counsel, John J. Sansone and Cheryl K. Carter, Deputy County Counsel, for Petitioner and Respondent.

OPINION

**WORK, Acting P. J.**—After the automatic one-year expiration of the conservatorship of the person of Catherine Delay for being gravely disabled as the result of a mental disorder under the Lanterman-Petris-Short Act (LPS), the superior court granted San Diego County's (County) petition to reestablish the conservatorship and reappoint the conservator. (Welf. &

Inst. Code,[1] § 5361.) On appeal, Delay challenges the facial constitutionality of sections 5361 and 5365.1 and the adequacy of the method of service of the petition to reestablish the conservatorship. We find no merit to her arguments and affirm the judgment.

I

Delay challenges the facial constitutionality of Welfare and Institutions Code sections 5361 and 5365.1.

Section 5361 provides an LPS conservatorship shall automatically terminate after one year, and if the conservator determines conservatorship is still required, he may petition the court for his reappointment as conservator for a succeeding one-year period. Section 5361 states the "petition must include the opinion of two physicians or licensed psychologists who have a doctoral degree in psychology and at least five years of postgraduate experience in the diagnosis and treatment of emotional and mental disorders that the conservatee is still gravely disabled as a result of mental disorder or impairment by chronic alcoholism." Further, section 5361 states: "In the event that the conservator is unable to obtain the opinion of two physicians or psychologists, he shall request that the court appoint them."

Section 5365.1 provides the conservatee may, upon advice of counsel, waive the presence at any hearing of the physician providing evaluation. In the event of such a waiver, the physician is not required to be present at the hearing if it is stipulated the recommendation and records of the physician concerning the mental condition of the conservatee will be received in evidence.[2]

Delay contends section 5361 violates due process of law by allowing the petition to reappoint the conservator to be based on the opinion of two physicians, with no requirement the physicians be mental health experts and no requirement either of them have personally examined the conservatee before expressing their opinion.[3]

---

[1] All subsequent statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2] Section 5365.1 states: "The conservatee or proposed conservatee may, upon advice of counsel, waive the presence at any hearing under this chapter of the physician or other professional person who recommended conservatorship pursuant to Section 5352 and of the physician providing evaluation or intensive treatment. In the event of such a waiver, such physician and professional persons shall not be required to be present at the hearing if it is stipulated that the recommendation and records of such physician or other professional person concerning the mental condition and treatment of the conservatee or proposed conservatee will be received in evidence."

[3] We reject the County's argument the constitutional challenge was waived and cannot be presented on appeal. In the proceedings below, Delay's attorney orally raised the issue as to

 We hold the statute on its face does not violate a conservatee's due process rights. All section 5361 does is establish the threshold requirements for presenting to the court the petition to reappoint the conservator. A hearing (and/or court or jury trial upon request) must be held on all petitions (§§ 5350, 5362, 5365[4]; *Conservatorship of Moore* (1986) 185 Cal.App.3d 718, 729-730 [229 Cal.Rptr. 875]), where the conservatee may challenge the validity of the physicians' opinions by calling them as witnesses. If the physicians who gave their opinions on the petition are not mental health experts and thus their opinions not reliable, or if they did not have adequate information about the conservatee to render their opinions, these matters may be revealed through examination of the physicians at the hearing.[5] If appropriate, the trial court has the discretion to dismiss the petition for failure to comply with the statutory prerequisites.

We see no due process concerns which compel the Legislature to impose more specific requirements on the contents of the petition. For example, if evidence was presented indicating neither of the physicians personally examined the conservatee, the trial court could exercise its discretion to determine whether under the circumstances of the particular case the petition should be dismissed for failure to include sufficiently reliable opinions. (See generally, *Conservatorship of Torres* (1986) 180 Cal.App.3d 1159, 1161-1163 [226 Cal.Rptr. 142] [psychiatrist can give opinion based on hearsay including statements made by the patient or by third persons].)

We emphasize that satisfaction of the requirements for *presenting* the petition does not satisfy the requirements for *establishing* the reappointment if it is challenged by the conservatee. At the reestablishment trial, the County must prove continued grave disability beyond a reasonable doubt. (See *Conservatorship of Murphy* (1982) 134 Cal.App.3d 15, 18 [184 Cal.Rptr. 363].)[6] If the opinions contained in the petition are the only

---

the lack of a showing on the petition that the physicians were psychiatrists or personally examined the conservatee. In any event, issues may be raised for the first time on appeal when they involve pure questions of law or constitutional issues. (*Hale* v. *Morgan* (1978) 22 Cal.3d 388, 394 [149 Cal.Rptr. 375, 584 P.2d 512].)

[4] Section 5365 provides a hearing shall be held on all petitions. Section 5350, subdivision (d) provides within five days of the hearing, a conservatee has the right to demand a court or jury trial in a proceeding to reestablish a conservatorship, or if the conservatee demands a trial before the hearing under section 5365, such demand shall constitute a waiver of the hearing. Section 5362 provides subject to a request for a court hearing or jury trial, the judge may accept or reject the petition to reestablish.

[5] Here, Delay's attorney apparently did not subpoena the two physicians whose opinions were included in the petition to reestablish. Nothing in the record suggests the trial court prevented him from doing so.

[6] Indeed, we note since the conservatee has a right to request a court or jury trial (§ 5350) where proof must be presented to carry the conservator's burden, his due process rights

evidence presented by the conservator, then the issue is whether the opinions establish continued grave disability beyond a reasonable doubt. Issues as to the qualifications of the physicians and whether they personally examined the conservatee are matters to be considered by the trier of fact when evaluating whether the requisite showing has been made. But we see no constitutional reason to require these matters be addressed on the face of the petition.

We note section 5361 as originally enacted did not allow the petition to be based on the opinions of psychologists, but referred only to the opinions of physicians. In 1979, the section was amended to insert the sentence also allowing licensed psychologists with the requisite experience to give their opinions. (73B West's Ann. Welf. & Inst. Code (1984 ed.) § 5361, p. 230; *Review of Selected 1979 California Legislation*, 11 Pacific L.J. 259, 358.) Given the pains the Legislature took to specify the requisite qualifications for the psychologists (i.e, a doctoral degree in psychology and at least five years of postgraduate experience in the diagnosis and treatment of emotional and mental disorders), it is unlikely the Legislature contemplated the petition would be based on the opinions of physicians who were not experts in mental health. Arguably it would have been preferable for the Legislature to have specified the medical doctors be psychiatrists or otherwise qualified in mental health. Nevertheless, the general reference to physicians does not rise to the level of a constitutional deficiency in the context of the requirements merely to present the petition for (not to establish) the reappointment, particularly since the conservatee may call the physicians as witnesses if he desires to challenge their qualifications.

## II

■■ Delay additionally posits a constitutional challenge based on section 5365.1. She argues under that section the conservatee could waive the presence of the physicians at the hearing, and the conservator could then claim he has met his burden of proof merely based on the contents of the petition which does not indicate the physicians were mental health experts nor that they personally examined the conservatee. ■■ ■■ To show a statute is unconstitutional on its face,[7] plaintiff cannot prevail by suggesting in some future hypothetical situation constitutional problems

---

would likely be fully satisfied on this basis alone, even if the Legislature had not imposed any requirement the petition for reappointment include medical opinions.

[7] At the trial in the present case, a physician who was stipulated to be an expert in psychiatry testified to establish grave disability. The County argues Delay has no standing to challenge section 5365.1 since she did not waive the presence of an evaluating physician. We agree Delay cannot challenge the constitutionality of that section in its operation, but she can challenge its facial constitutionality. (See *Birkenfeld* v. *City of Berkeley* (1976) 17 Cal.3d 129, 165 [130 Cal.Rptr. 465, 550 P.2d 1001].)

may possibly arise as to the particular application of the statute. (*Pacific Legal Foundation* v. *Brown* (1981) 29 Cal.3d 168, 180 [172 Cal.Rptr. 487, 624 P.2d 1215].) Rather, she must show the statute's provisions inevitably pose a present total and fatal conflict with applicable constitutional provisions. (*Id.* at pp. 180-181.) There is no such showing here since nothing in the statute compels the conservatee to waive the presence of the physicians at the hearing. Moreover, section 5365.1's reference to the stipulated receipt into evidence of the physician's recommendation and records does not indicate such recommendation establishes grave disability. As we have already stated, if the conservator asserts he has met his burden merely based on the information in the petition, the conservatee still has the right to proof beyond a reasonable doubt and can challenge the conservator's assertion on that basis. Thus, the statute on its face does not violate the conservatee's due process rights.

 Finally, Delay meritlessly contends the statute violates equal protection, claiming LPS conservatees are similarly situated to criminal defendants and have the same rights to adequate judicial review of the facts upon which their confinement is to be based. The LPS conservatee has a right to a court or jury trial where the conservator must present evidence sufficient to carry his burden of proof, and, as we have discussed above, nothing in sections 5361 and 5365.1 undermines that right to judicial review. Delay has not pointed to treatment given criminal defendants in comparable areas which is more favorable than that given LPS conservatees under the challenged sections.

### III

 Delay argues the County's method of service of the petition to reestablish the conservatorship did not conform with her due process rights.

 Initially, we reject the County's argument that Delay cannot raise the issue on appeal since she made a general appearance and testified at the hearing. Prior to so appearing, Delay's attorney filed a motion to dismiss for lack of jurisdiction raising the service issue and made a special appearance. When the trial court denied the motion to dismiss, the case was tried on the merits. We will assume, arguendo, Delay cannot now challenge jurisdiction over her person since she proceeded to address the case on the merits rather than seeking an interim writ of mandate as provided under Code of Civil Procedure section 418.10, subdivision (c). (See generally, 2 Witkin, Cal. Procedure (3d 1985) Jurisdiction, § 164, pp. 548-549; *Conservatorship of Moore, supra,* 185 Cal.App.3d at p. 728.) We hold, however, she is not precluded from challenging the conservator's method of service as constituting a jurisdictional defect, in the broad sense, for failure to comply with

the requisite procedural steps under the LPS scheme or basic due process rights. (See generally, 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, §§ 1, 9, pp. 365-367, 374; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 315, p. 326; *Texas Co.* v. *Bank of America etc. Assn.* (1935) 5 Cal.2d 35, 39-40, 41 [53 P.2d 127] [appointment of administrator contrary to the applicable statutory provisions would be in excess of jurisdiction; order may be attacked any time or anywhere].)

■■■ The petition was served by first class mail on "Catherine Delay, C/O Edgemoor Hospital." She argues she should have been personally served or been served by mail with acknowledgment of receipt. Alternatively, she argues she was not directly served, but rather service was inadequately made on the facility where she was residing.[8]

In *Conservatorship of Moore, supra,* 185 Cal.App.3d at pages 725-727, we reviewed the notice provisions for reestablishment of the conservatorship under the LPS scheme. Sixty days before the one-year automatic expiration of the conservatorship, the clerk of the superior court must give notice, by personal service or first class mail, to the conservator, the conservatee, the conservatee's attorney, and the professional person in charge of the facility where the conservatee resides. (§ 5362.)[9] The petition for reappointment of the conservator must be transmitted to the facility where the conservatee resides at least 30 days before the automatic expiration date. (§ 5361.) Section 5362 provides that "if the conservator petitions to reestablish conservatorship the conservatee, the professional person in charge of the facility in which he or she resides, [and] the conservatee's attorney . . . shall be notified." More specifically, San Diego Superior Court Rules, rule 5.90 requires the conservator to give notice, by personal service or first class mail, of the petition for reappointment to the conservatee and his attorney at least 15 days before the hearing.

In *Moore,* we rejected the argument the statutory scheme was constitutionally infirm because it did not guarantee actual notice. We stated "the plan for alternative service by personal delivery or by mail, the requirement notice be provided at a number of different procedural steps, and the service of notice at each of these steps on others intimately involved with both the conservatee and the conservatorship process are calculated to inform [the conservatee] and to preserve his opportunity to be heard." (*Conservatorship of Moore, supra,* 185 Cal.App.3d at pp. 726-727.)

---

[8] Delay, who testified at the reestablishment trial, does not contend she did not actually receive the petition, but argues it was the County's burden to prove she actually received it.

[9] Section 5362 originally required the clerk of the superior court to give notice of the impending expiration by certified mail, but that section was amended in 1983 to allow service by first class mail. (73B West's Ann. Welf. & Inst. Code (1984 ed.) § 5362, p. 232.)

In support of her argument, Delay cites *Guardianship of Debbie V.* (1986) 182 Cal.App.3d 781 [227 Cal.Rptr. 554], which holds service of a petition for appointment of a guardian for minors on the children's parents must be by personal service or service by mail with acknowledgment of receipt, and service by regular mail will not suffice.

The holding in *Debbie V.* rests on an interpretation of the statutory scheme before it, not on due process grounds.[10] Here, unlike the situation in *Debbie V.,* we have a local rule expressly allowing service by regular mail, and the rule does not conflict with section 5362, the latter which does not specify the manner in which notification of the reestablishment petition must be accomplished. (See *Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18, 28 [210 Cal.Rptr. 762, 694 P.2d 1134] [local court rules have the force of procedural statutes if not contrary to legislative enactments].) Moreover, in the reestablishment, as opposed to original establishment, context, the conservator already has control over and knows where the conservatee is residing, thus making service by regular mail a reliable form of notification.[11]

We conclude there is no reason to depart from our holding in *Moore,* and for the reasons stated in that opinion, we reject Delay's contention service by regular mail fails to conform with due process.

In *Conservatorship of Ivey* (1986) 186 Cal.App.3d 1559, 1565-1566 [231 Cal.Rptr. 376], we held the conservatorship investigation report must be mailed *directly* to the conservatee, and service on the facility where the

---

[10] *Guardianship of Debbie V., supra,* 182 Cal.App.3d at pages 783-784, interprets language in Probate Code section 1511, subdivision (b), which requires notice of a hearing on a petition for appointment of a guardian on the parents by personal service (Code Civ. Proc, § 415.10) or by mail with acknowledgment of receipt (Code Civ. Proc., § 415.30), or in such manner as may be authorized by the court. We note section 5350 provides, with some exceptions, that procedures for establishing, administering, and terminating LPS conservatorships shall be the same as provided in division 4 of the Probate Code. Probate Code section 1824 provides for the same method of service of a petition to establish conservatorship on the proposed conservatee as does Probate Code section 1511, subdivision (b). However, the Probate Code does not enlighten us regarding service for LPS *reestablishment* proceedings since there is no automatic one-year expiration of non-LPS conservatorships and thus no comparable proceeding. (See Prob. Code, § 1860.) But see our discussion in footnote 11, *infra.*

[11] In contrast, we note that regarding service of the original petition to *establish* (not reestablish) the conservatorship, there is no section in the Welfare and Institutions Code or in the local rules specifying how it should be done. Under section 5350, the procedure for establishing the conservatorship would then be governed by Probate Code section 1824, which requires service of the citation and conservatorship petition by personal delivery, mail with acknowledgment, or in such manner as may be authorized by the court. (See fn. 10, *ante.*) Although we are not faced with and do not decide the issue, we note from a statutory point of view, service of the establishment petition appears comparable to the situation in *Guardianship of Debbie V., supra,* 182 Cal.App.3d 781. Thus, *Debbie V's* holding may well be applicable to service of petitions to establish conservatorships—i.e., that service must be by personal delivery or mail with acknowledgment, absent a showing such service is not possible.

proposed conservatee resided and on her attorney was not sufficient. In *Ivey,* the report had been personally served on the facility, and thus we were not faced with the issue of what constituted direct mail service on the proposed conservatee. (*Id.* at p. 1563.) In *Moore,* the reestablishment petition was mailed to the conservatee, his attorney, and the director of the facility where he resided. Here, the petition was mailed to Delay (care of the facility), to her attorney, and to the superintendent of the facility. Delay characterizes the mailing as not being directly to her, since it was made "care of" the facility. We disagree with this characterization, and hold mailing the petition *addressed to the conservatee,* care of the facility where she resides, constitutes a mailing directly to the conservatee.

### DISPOSITION

The judgment is affirmed.

Todd, J., and Benke, J., concurred.