The **PEOPLE** of the State of Colorado, Appellee,

In the Interest of Carl **BUCHOLZ**, Appellant.

No. 88CA0663.

Colorado Court of Appeals, Div. III.

March 23, 1989.

Rehearing Denied April 20, 1989.

Certiorari Denied Aug. 14, 1989.

H. Lawrence Hoyt, County Atty., and Ruth E. Cornfeld, Asst. County Atty., Boulder, for appellee.

Gregg Friedman, Boulder, for appellant.

NEY, Judge.

Carl Bucholz, respondent, appeals the order of the district court extending his certification for long-term mental health care and treatment pursuant to § 27–10–109, C.R.S. (1982 Repl.Vol. 11). We reverse.

For a number of years, respondent has suffered from chronic paranoid schizophrenia. In September 1986, following a seventy-two hour mental health evaluation which indicated that he was mentally ill and, as a result, gravely disabled, he was certified for short-term mental health treatment pursuant to § 27–10–107, C.R.S. (1982 Repl. Vol. 11). In December 1986 respondent's certification for short-term treatment was extended, and in March 1987, respondent was certified for long-term care. In September 1987, the district court ordered a six month-extension of the certification for long-term care.

In February 1988 the People filed a petition for a second extension of long-term care and treatment, alleging that respondent remained gravely disabled as a result of mental illness. At respondent's request, a hearing was held to determine whether he was "gravely disabled" as defined in § 27–10–102(5), C.R.S. (1982 Repl.Vol. 11).

That statutory definition states:

" 'Gravely disabled' means a condition in which a person, as a result of mental illness, is unable to take care of his basic personal needs or is making irrational or grossly irresponsible decisions concerning his person and lacks the capacity to understand this is so."

At the time of the hearing, respondent was living with his mother and receiving treatment at a mental health facility on an outpatient basis. Dr. Krick, a psychiatrist involved in treating respondent, testified that the symptoms associated with respondent's schizophrenia were being controlled through the use of antipsychotic medication, and that respondent was not gravely disabled while he continued to take the prescribed medication on a regular basis.

However, it was Dr. Krick's belief that if respondent was not certified for treatment, he would stop taking his medication. Dr. Krick then described the symptoms respondent would experience within one to three months if he stopped taking his medication:

"[H]e would become more preoccupied with his own internal thoughts and paranoid thinking and concerns. And he would be less attentive to the realistic needs of—such as dealing with people, and keeping his physical appearance and physical health intact. He might very likely decide to stop eating, or perhaps even over-eat. He would have difficulty with sleeping, I would predict, and he might have difficulty just generally getting along with people."

Dr. Krick was then asked whether these symptoms would render respondent gravely disabled. He replied:

"Well, I think it would depend on where he's living. If these symptoms which I have just listed were troublesome enough to his mother, she might ask him to leave, and then he might very well have difficulty providing for himself the basic requirements of getting along. I think that, while he's living with his mother, he has most of these needs met and doesn't need to provide them for himself.

"But my concern would be, if he did decompensate, it would be very difficult for him to get along at his home and he would choose to leave and become gravely disabled, or he might be asked to leave by his family."

No allegation was made, nor evidence presented, that respondent posed a present

or potential danger to others or himself. At the conclusion of the hearing, the trial court reaffirmed respondent's certification based on its finding that respondent, if not certified, would cease taking his medication and become gravely disabled in the future.

Respondent contends the trial court erred in finding him gravely disabled. We agree.

The statutory provisions governing the certification of mentally ill individuals for involuntary short- and long-term treatment are set forth in the Act for the Care and Treatment of the Mentally Ill, § 27–10–101, et seq., C.R.S. (1982 Repl.Vol. 11) (Care and Treatment Act). The Care and Treatment Act provides that an order certifying a patient for long-term involuntary mental health treatment expires within six months unless the professional person in charge of the patient's care and treatment requests an extension of the certification for an additional six months. If an extension of long-term involuntary mental health treatment is sought, the patient is entitled to demand a hearing at which the People must show by clear and convincing evidence (1) that the patient continues to be mentally ill and, as a result, is a danger to himself or others or is gravely disabled, and (2) that the patient has refused voluntary treatment or that reasonable grounds exist to believe the patient will not remain in a voluntary program. Sections 27–10–109 and 27–10–111, C.R.S. (1982 Repl.Vol. 11).

The provisions of the Care and Treatment Act must be strictly construed because of their curtailment of personal liberty. *Sisneros v. District Court*, 199 Colo. 179, 606 P.2d 55 (1980). Also, if statutory language is plain, its meaning clear, and no absurdity is involved, it must be applied as written. *See People v. District Court*, 713 P.2d 918 (Colo.1986).

The definition of "gravely disabled" provided in § 27–10–102(5) refers to an existing rather than a prospective inability to provide for one's "basic personal needs." Thus, the determination at a certification hearing as to whether a person is "gravely disabled" must focus on the individual's existing condition, and not on the possibility of future relapse. *See Estate of Mur-*

*phy*, 134 Cal.App.3d 15, 184 Cal.Rptr. 363 (1982); *People v. Nunn*, 108 Ill.App.3d 169, 438 N.E.2d 1342 (1982). *Cf. People v. Stevens*, 761 P.2d 768 (Colo.1988) (when involuntary treatment is sought on the basis of a person's dangerousness, the evaluation of the person's condition must be made as of the time of each certification for short-term or long-term care and treatment).

Here, the order extending certification was not based upon respondent's condition at the time of the hearing but, rather, upon the possibility of respondent becoming gravely disabled in the future if he refused to take his medication. This is an insufficient basis on which to subject an individual to involuntary mental health treatment.

The order is reversed.

STERNBERG and FISCHBACH, JJ., concur.