[No. D030793. Fourth Dist., Div. One. Jan. 4, 1999.]

Conservatorship of the Person of JAIME FLORES GUERRERO.
SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,
Petitioner and Respondent, v.
JAIME FLORES GUERRERO, Objector and Appellant.

**COUNSEL**

Linda M. Fabian, under appointment by the Court of Appeal, for Objector and Appellant.

John J. Sansone, County Counsel, Diane Bardsley, Chief Deputy County Counsel, and Bruce D. MacLeish, Deputy County Counsel, for Petitioner and Respondent.

OPINION

**WORK, Acting P. J.**—Jaime Flores Guerrero appeals a judgment reestablishing his Lanterman-Petris-Short (LPS) conservatorship. He contends the court erred by instructing the jury he could be considered gravely disabled if the jury found he would not take medication for a mental disorder, and he would be unable to provide for his basic needs of food, clothing or shelter without medication. We hold the challenged jury instruction did not improperly create an alternative basis not contained in the statute for a finding of grave disability. We affirm the judgment.

*Factual and Procedural Background*

On September 22, 1997, the public conservator petitioned to reestablish the LPS conservatorship of Jaime Guerrero, a 40-year-old man who has suffered from schizoaffective disorder, bipolar type, with paranoid features, since the age of 19.

The conservatorship was originally established in 1996 when Guerrero, who was then living in an apartment with the assistance of his parents, ceased taking his medication and became delusional, believing his food was poisoned. He stopped eating and, as a result, lost 25 pounds.

As of the time of the hearing to reestablish the conservatorship, Guerrero had spent 35 of the last 60 months in a mental health facility. He is illiterate and has never lived outside of a care facility without the assistance of his parents. His father however, has since passed away and his mother is hospitalized with a serious illness, leaving his family unavailable to assist in providing for his basic needs.

Dr. Edmund Bienkowski, a licensed clinical psychologist from the facility where Guerrero had lived during the period of the original conservatorship, testified Guerrero was prescribed a number of medications to control his condition. Guerrero refused to take Depakote, a mood stabilizing medication, and his antipsychotic medication was administered in liquid form out of concern he would only pretend to take pills.

According to Dr. Bienkowski, Guerrero had indicated he did not believe he was mentally ill and therefore would not take medication. Without medication, Guerrero would become increasingly delusional, to the point where he would have difficulty distinguishing his thoughts from reality. This decompensation could potentially lead to "inappropriate" behavior, such as assaults, walking in front of automobiles, refusing to leave his room or refusing to eat.

When questioned about Guerrero's ability to provide for his own needs, Dr. Bienkowski testified Guerrero would be unable to rent an apartment, shop or take a bus without assistance. Dr. Bienkowski concluded Guerrero would not be able to provide for his food, clothing or shelter if released from an institutional setting.

Guerrero testified he suffered from a blockage in his brain which caused him to be forgetful at times and he had been misdiagnosed by his doctors since first going to a mental hospital when he was about 18 years old. He denied being delusional. However, Guerrero later claimed there were 45 superheroes in the United States, including a "real Superman," but they had all been killed.

Guerrero indicated he was capable of caring for himself. He had found a board-and-care home where he would be able to live and be provided with meals. He could buy his own clothing. Guerrero also indicated he would continue to take his medication even without the conservatorship.

A jury unanimously found Guerrero was gravely disabled and the court ordered the conservatorship be reestablished.

*Jury Instruction No. 6 Did Not Improperly Create an Alternative Basis Not Contained in the Statute for a Finding of Grave Disability*

Guerrero argues jury instruction No. 6 created an alternative basis which is not contained in the statute for the jury to find him gravely disabled.

Jury instruction No. 6 read: "In determining whether Respondent is presently gravely disabled, you may consider evidence of his past failure to take mental health medication when prescribed, and you may consider evidence of Respondent's lack of insight into his mental condition. [¶] If you find Respondent will not take his medication unless required to do so and that a mental disorder makes him unable to provide for his basic personal needs for food, clothing or shelter without such medication, then you may conclude Respondent is gravely disabled."

He argues the instruction impermissibly expanded the definition of gravely disabled beyond the scope of the statute and a possibility of a future failure to take medication is unrelated to presently being gravely disabled.[1]

---

[1]Guerrero also argues criminal due process standards apply to LPS proceedings.

■ Welfare and Institutions Code[2] section 5361 allows a conservator to petition the superior court at the end of a one-year LPS conservatorship for the reestablishment of the conservatorship where two physicians or licensed psychologists agree the conservatee remains gravely disabled. The conservatee is then entitled to a court or jury trial to determine whether he is gravely disabled. (§ 5350, subd. (d).) The burden in a reestablishment hearing is upon the conservator to prove beyond a reasonable doubt the conservatee remains gravely disabled. (*Conservatorship of Delay* (1988) 199 Cal.App.3d 1031, 1036 [245 Cal.Rptr. 216].)

■ Section 5008, subdivision (h)(1)(A) defines gravely disabled as "[a] condition in which a person, as a result of a mental disorder, is unable to provide for his or her basic personal needs for food, clothing, or shelter." The conservator must show the conservatee is presently gravely disabled and not that he may relapse and become gravely disabled in the future. (*Conservatorship of Walker* (1989) 206 Cal.App.3d 1572, 1577 [254 Cal.Rptr. 552].) Where the evidence establishes a person is not presently gravely disabled, but may become so because of a future failure to take medication, an LPS conservatorship cannot be established. (*Conservatorship of Benvenuto* (1986) 180 Cal.App.3d 1030, 1034 [226 Cal.Rptr. 33].) Similarly, an individual cannot be found gravely disabled merely because he will not voluntarily accept treatment. (*Conservatorship of Symington* (1989) 209 Cal.App.3d 1464, 1468 [257 Cal.Rptr. 860].)

Jury instruction No. 6 does not create a new basis for a finding of grave disability. Instead, it contemplates exactly the situation presented in *Conservatorship of Walker, supra,* 206 Cal.App.3d 1572. *Walker* involved a conservatee who, it was established, lacked insight into his mental illness and felt he did not need medication. The court held that substantial evidence the conservatee could not provide for himself without medication and that he would not take his medication without the supervision of the conservator supported a finding he was presently gravely disabled. (*Id.* at p. 1577.)

Dr. Bienkowski testified Guerrero did not believe he was ill and would not take his medication without supervision. Guerrero had a history of not taking

We note an LPS proceeding is civil, rather than criminal, in nature. While the courts have applied certain criminal due process protections to LPS proceedings, these applications are narrowly proscribed. Criminal due process standards have never been applied to LPS proceedings in a blanket fashion as Guerrero appears to suggest. (*Conservatorship of McKeown* (1994) 25 Cal.App.4th 502, 506-507 [30 Cal.Rptr.2d 542].) However, because Guerrero's arguments are not based on the application of criminal due process protections, we need not deal with this issue further.

[2]All statutory references are to the Welfare and Institutions Code unless otherwise specified.

medication when unsupervised. Dr. Bienkowski said Guerrero, because of his mental illness, could not provide for his basic needs of food, clothing and shelter without the assistance of others, such assistance was unavailable outside of the conservatorship, and Guerrero's mental condition would further deteriorate without medication. In other words, but for the medication, which Guerrero would not take without supervision, Guerrero was presently gravely disabled. Jury instruction No. 6 provided an appropriate framework for the jury to consider these factors when determining whether Guerrero was presently gravely disabled.

### *Disposition*

The judgment is affirmed.

Huffman, J., and Nares, J., concurred.